IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD RECOVERY SERVICES L.P., : | |
| Plaintiff/Counterclaim Defendant, : | |
| v. : | Civil Action No. 02-3845 (JMK) |
| UNISOURCE WORLDWIDE, INC., : | |
| Defendant/Counterclaim Plaintiff. : | |

### RESPONSE OF PLAINTIFF/COUNTERCLAIM DEFENDANT SUNGARD RECOVERY SERVICES LP IN OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiff/Counterclaim Defendant SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc. ("SunGard"), by and through its undersigned counsel, respectfully submits this Response in Opposition to the Motion of Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. ("Unisource") for Partial Judgment on the Pleadings. As set forth more fully below, this Court should deny the motion for judgment on Count II of the Complaint, because Unisource's Answer, Affirmative Defenses and Counterclaims call into question the enforceability of the parties' contract. Therefore, it is premature for this Court to conclude that SunGard's claim for unjust enrichment in Count II cannot stand.

### FACTUAL AND PROCEDURAL BACKGROUND

In its Complaint, SunGard alleges that effective September 1, 1995, SunGard and Unisource entered into a Recovery Services Agreement (the "Agreement"), under which SunGard was to provide disaster recovery services to Unisource's facilities in St. Louis, Missouri and Itasca, Illinois. Complaint at ¶¶ 5-7. The Agreement provided as a standard

term and condition that it would renew automatically unless Unisource gave written notice, in accordance with the Agreement, three months prior to the expiration date of the original Agreed Term. Id. at ¶ 11. SunGard alleges that Unisource gave notice of termination on March 8, 2000 for coverage of the St. Louis facilities, but has never given notice of coverage for the Itasca facilities. Id. at ¶¶ 17 and 19. SunGard further alleges that even as to the St. Louis facilities, the notice was out-of-time and therefore coverage for the St. Louis facilities already had renewed by March 8, 2000. Id. at ¶ 18. Thus, the Complaint alleges, Unisource remained and remains liable for Monthly Fees under the Agreement until expiration of the renewed terms for the St. Louis and Itasca facilities. Id. at ¶ 20. SunGard's Complaint states claims for breach of contract (id. at Count I) and unjust enrichment (id. at Count II).

Unisource filed an Answer, Affirmative Defenses and Counterclaims. Although Unisource admits that it entered into the Agreement on September 1, 1995 with subsequent modification sin 1997 (Answer at ¶¶ 6-7), Unisource (a) denies that the Agreement remained in effect after March 8, 2000 (id. at ¶ 20); (b) asserts an affirmative defense that the Agreement is unenforceable due to fraud or negligent misrepresentation/concealment (id. at ¶ 34); and (c) states its own Counterclaims contending that the renewed Agreement cannot be enforced on grounds of fraud or negligent misrepresentation/concealment (id. at ¶¶ 40-83).

## ARGUMENT

Unisource has filed a motion for partial judgment on the pleadings, contending that SunGard's claim for unjust enrichment fails as a matter of law because an express written contract governs the parties' relationship. However, one simple fact distinguishes this case

from those cited by Unisource in its supporting Memorandum of Law: Unisource's own pleading makes clear that Unisource contests the validity and enforceability of the renewed contract, either because Unisource terminated the Agreement or because the automatic renewal was barred by misrepresentation. In such circumstances, a plaintiff may proceed with alternative theories of recovery:

> Although it is true that Pennsylvania law precludes the recovery on a claim of unjust enrichment when a valid contract exists . . . Old Kent's motion is premature. The courts of this circuit have held that plaintiffs are free to pursue alternative theories of recovery, including pleading breach of contract and unjust enrichment. See Halsted v. Motorcycle Safety Foundation, Inc., 71 F. Supp. 2d 455, 459 (E.D. Pa. 1999) (J. Joyner) (citing U.S. v. Kensington Hospital, 760 F. Supp. 1120, 1135 (E.D. Pa. 1991) (J. Van Artsdalen) . . .
>
> If the court finds that a valid contract exists, then plaintiff will be barred from recovering pursuant to an unjust enrichment theory. At this point, however, the motion to dismiss will be denied.

Gonzalez v. Old Kent Mortgage Company, Civ. A. No. 99-5959, 2000 WL 1469313 at *6 (E.D. Pa. Sept. 21, 2000) (Hart, M.J.). Cf. PDP Enterprises, Inc. v. Northwestern Human Services, Inc., 2001 WL 1807942 at *4 (Phila. Pa. Com. Pl., Aug. 31, 2001) (Herron, J.) (alternative claim of unjust enrichment legally sufficient where defendant might argue that contract had been terminated).

Therefore, SunGard is permitted to plead unjust enrichment in the alternative. If it is eventually determined that the Agreement did renew and was not terminated, and that Unisource's defenses/claims of misrepresentation fail, then SunGard will be permitted to recover on its express contract. Until that day, however, SunGard is entitled to assert its claims in the alternative, and Unisource's motion is premature.

## CONCLUSION

For the foregoing reasons, Plaintiff/Counterclaim Defendant SunGard Recovery Services LP respectfully asks that this Court deny the Motion of Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc., for Partial Judgment on the Pleadings on Count II of the Complaint.

Dated: September 13, 2002

BLANK ROME LLP

*Rebecca D. Ward*

James T. Smith, Esq.
Rebecca D. Ward, Esq.
Brian S. Paszamant, Esq.
One Logan Square
Philadelphia, PA 19103
Telephone:   (215) 569-5500
Facsimile:   (215) 569-5694

Attorneys for Plaintiff SunGard Recovery Services LP, formerly known as SunGard Recovery Services Inc.

## CERTIFICATE OF SERVICE

I, Rebecca D. Ward, hereby certify that on September 13, 2002 I caused a true and accurate copy of the foregoing Response in Opposition to Motion for Partial Judgment on the Pleadings to be hand-delivered by messenger addressed as follows:

> Eliot G. Long, Esq.
> Buchanan Ingersoll
> Eleven Penn Center, 14th Floor
> 1835 Market Street
> Philadelphia, PA 19130

*Rebecca D. Ward*
Rebecca D. Ward