IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P., | : : : : | |
| Plaintiff, | : : | Civil Action No. 02 cv 3845 (JMK) |
| v. | : : | |
| UNISOURCE WORLDWIDE, INC., | : : | |
| Defendant. | : : | |

**DEFENDANT/COUNTERCLAIM-PLAINTIFF UNISOURCE WORLDWIDE, INC.'S REPLY BRIEF IN SUPPORT OF ITS <u>MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

Defendant Unisource Wordlwide, Inc. ("Unisource") demonstrated in its opening brief that plaintiff SunGard Recovery Services L.P.'s ("SunGard") claim for unjust enrichment (Count II) should be dismissed because the parties' relationship was governed by an express, written contract, and SunGard therefore cannot recover on a claim for unjust enrichment allegedly arising out of that relationship. *See, e.g., Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3rd. Cir. 1987).

In response, SunGard argues that the cases cited in Unisource's brief, and the well-settled proposition for which they stand, are inapposite because "Unisource contests the validity and enforceability of the *renewed* contract," and that it should be allowed to pursue its unjust enrichment claim as an alternative theory of recovery. Pl. Mem. at 3 (emphasis added),

SunGard's argument mischaracterizes Unisource's position and fails to save its unjust enrichment claim. Both SunGard and Unisource agree that the parties' relationship was governed by an express, written contract – *i.e.,* the Recovery Services Agreement attached as

Exhibit A to SunGard's complaint (the "Agreement").  *See, e.g.*, Compl. ¶¶ 6, 7, 9-15; Answ. ¶¶ 6-7.  SunGard is seeking money that it alleges is due under the Agreement.  *See* Compl. ¶¶ 20-25.  Unisource, in its defense, does *not* dispute the "validity and enforceability" of that Agreement.  Instead, Unisource disputes SunGard's *interpretation* of the Agreement.

According to SunGard, Schedule A-2 was due to expire on January 31, 2000, but then automatically renewed because Unisource did not terminate the schedule in writing three months in advance of the expiration date.  *See* Compl. ¶¶ 7, 11, 18.  Unisource, on the other hand, maintains that Schedule A-2, by its terms, did not expire until June 30, 2000, that Unisource terminated the schedule more than three months in advance of that date and that the schedule therefore did not automatically renew.  *See* Answ. ¶¶ 7, 20, 39 55-56.  In addition, and in the alternative, Unisource alleges that, if Schedule A-2 is deemed to have been set to expire on January 31, 2000 as SunGard alleges, then SunGard is not entitled to rely on the automatic renewal provision contained in the Agreement because it fraudulently and/or negligently prevented Unisource from exercising its rights under the Agreement, or that Unisource's oral termination was sufficient under these circumstances to prevent the automatic renewal of Schedule A-2 that SunGard alleges.  *See, e.g., id.* ¶¶ 31, 33, 34, 35, 55-56.  Thus, when SunGard says that "Unisource contests the validity and enforceability of the *renewed* contract," Pl. Mem. at 3 (emphasis added), SunGard means that Unisource contests whether Schedule A-2 in fact renewed *under the terms of the Agreement*, not that Unisource contests the validity, existence or enforceability of the Agreement.  SunGard's argument therefore is wrong on the facts.

SunGard's argument also is wrong on the law.  In support of its argument, SunGard relies heavily on *Gonzalez v. Old Kent Mortgage Co.*, No. 99-5959, 2000 WL 1469313 (E.D. Pa. Sept. 21, 2000) for the proposition that plaintiffs are "free to pursue alternative theories of recovery,"

including breach of contract and unjust enrichment claims. Pl. Mem. at 3. In that case, however, the defendant "argue[d] that there is simply no contract in existence between itself and the plaintiff." *Id.* at *4. Thus, the Court concluded that the plaintiff should be permitted to proceed on alternative theories beyond the motion to dismiss stage, but that, "[i]f the [C]ourt finds that a valid contract exists, then plaintiff will be barred from recovering pursuant to an unjust enrichment theory." *Id.* at *7.

Here, of course, Unisource is not arguing that no contract exists, or that the Agreement is in any way invalid or unenforceable. Instead, as explained above, Unisource is arguing that it is not obligated to pay SunGard the money that it is seeking under the terms of the Agreement. Both parties agree that their relationship was controlled by the Agreement, and SunGard seeks money that is alleged to be due under that Agreement.

Under similar circumstances, this Court recently declined to follow *Gonzalez* and dismissed an unjust enrichment claim in a case where, as here, it was undisputed that the parties had entered into an express contract. In *Synesiou v. Designtomarket, Inc.*, No. 01-5358, 2002 WL 501494 (E.D. Pa. April 3, 2002), the plaintiff sued the defendant under an express employment contract, and also asserted a claim for unjust enrichment. *See id.* at *1. On defendant's motion to dismiss, the plaintiff, just like SunGard here, cited *Gonzalez* and argued that he should be allowed to pursue his unjust enrichment claim in the alternative to his claim for breach of contract. *See id.* at *4 n.7.

This Court, however, expressly refused to follow *Gonzalez* because of the existence of an express contract. *See id.* The Court explained that *Gonzalez* was "readily distinguishable" from the case before it because, in *Gonzalez*, "the validity and existence of the underlying contractual agreement was in dispute," whereas in the case before the Court in *Synesiou*, as in the case at

3

bar, "the validity and enforceability of the . . . agreement are not as issue." *Id.* The Court explained that "[b]ecause of this key difference, the . . . *Gonzalez* precedent[] do[es] not instruct this [C]ourt." *Id.* Accordingly, the Court concluded that "because the parties agree that a valid employment contract exists here, [plaintiff] cannot maintain a claim for either promissory estoppel or unjust enrichment, as neither theory is available to provide [plaintiff] with relief," and dismissed the plaintiff's unjust enrichment claim. *Id.* at *4.

The Court should do the same here. SunGard is seeking money under an express Agreement, and Unisource has asserted that SunGard is not entitled to any money under that Agreement. Unisource is not challenging the existence, validity or enforceability of the Agreement. Accordingly, as a matter of law, SunGard cannot recover on its unjust enrichment claim, and Unisource respectfully requests that that claim be dismissed.

        Respectfully submitted,

_____
Howard D. Scher (Pa. No. 03673)
Craig D. Mills (Pa. No. 81331)
Eliot G. Long (Pa. No. 84970)
BUCHANAN INGERSOLL, P.C.
Eleven Penn Center
1835 Market – 14th Floor
Philadelphia, PA  19103
Tel.:  (215) 665-8700
Fax.: (215) 665-8760

Attorneys for Defendant and
Counterclaim-Plaintiff
Unisource Worldwide, Inc.

Dated:  September 23, 2002

4

## **CERTIFICATE OF SERVICE**

I, Eliot G. Long, hereby certify that, on this 23rd day of September, 2002, I caused a true and correct copy of the foregoing Defendant/Counterclaim-Plaintiff Unisource Worldwide, Inc.'s Reply Brief in Support of Its Motion for Partial Judgment on the Pleadings to be served on the following by hand delivery:

>James T. Smith, Esquire
>Rebecca D. Ward, Esquire
>Blank, Rome, Comisky & McCauley LLP
>One Logan Square
>Philadelphia, PA  19103
>
>Attorneys for Plaintiff/Counterclaim-Defendant
>SunGard Recovery Services L.P.

_____
Eliot G. Long