IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD RECOVERY SERVICES LP, : | |
| : | |
| Plaintiff, : | |
| : | No. 02-3845 (JMK) |
| v. : | |
| : | |
| UNISOURCE WORLDWIDE, INC., : | |
| : | |
| Defendant. : | |

REPLY OF PLAINTIFF/COUNTERCLAIM DEFENDANT
SUNGARD RECOVERY SERVICES LP IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS COUNTERCLAIM COUNTS I AND II

Plaintiff/Counterclaim Defendant SunGard Recovery Services LP ("SunGard"), by and through its undersigned counsel, respectfully submits this Reply in further support of its Motion to Dismiss Counts I and II of the Counterclaim of Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. ("Unisource").

PRELIMINARY STATEMENT

The Counterclaims on their face show that Unisource was aware of the alleged falsity of the representations by SunGard no later than March 8, 2000, and knew no later than April 2000 that SunGard intended to enforce the parties' renewed contract to Unisource's detriment. Rather than pursue at that time what it now asserts are viable causes of action for fraud and negligent misrepresentation, Unisource slept on its rights, and asserted its counterclaims only in August 2002, well after the expiration of the applicable two-year statute of limitations. For these reasons, and for the

reasons set forth in SunGard's opening Memorandum of Law, Counts I and II of the Counterclaims should be dismissed with prejudice.

## ARGUMENT

**A.     Unisource's Cause of Action Accrued No Later than April 2000.**

Unisource's argument rests upon a single, unsteady premise: that it had no viable cause of action until SunGard brought suit to enforce the contract, at which point it began to incur expenses and costs of defense to satisfy the damages requirement for its claims. Unisource conveniently ignores, however, its own acknowledgement in the Counterclaims that as of March 8, 2000, it was aware of the alleged falsity of SunGard's representations. See Answer, Counterclaim and Affirmative Defenses at ¶ 17 (admitting that Unisource provided written notice of termination on March 8, 2000), Exhibit B (March 8, 2000 letter stating, in part, that Unisource had received a copy of the contract by that date) and ¶ 40 (incorporating ¶¶ 1-39 into the Counterclaims). Unisource's Counterclaims also acknowledge that in early April 2000, SunGard notified Unisource that it intended to enforce the renewed contract. Id. at ¶ 18 (admitting SunGard provided such notice) and ¶ 40 (incorporating ¶¶ 1-39 into the Counterclaims).

Despite Unisource's position to the contrary, at that time, if ever, Unisource's cause of action accrued, because at that point Unisource had a viable cause of action, with a viable remedy of rescission. As the court explained in United Nat. Ins. Co. v. J.H. France Refractories, Co., 36 Pa. D. & C. 4th 400 (Phila. County 1996), a cause of action for misrepresentation in connection with an insurance contract accrues as soon

as the insurer learned of the falsity of the insured's statements and could then sue to rescind the contract. Id. at 431-35. Similarly, here, when Unisource learned of the alleged falsity of SunGard's statements, and that SunGard intended to enforce the contract, Unisource itself could have brought suit to rescind – and thus had a viable cause of action that it could pursue "to a successful conclusion." Id. at 432 (citing Kapil v. Assoc. of Pennsylvania State College and University Faculties, 504 Pa. 92, 470 A.2d 482 (1983)).

Unisource chose not to pursue its legal remedies. Rather, it chose to ignore SunGard's stated intentions to enforce the contract and simply did not pay Monthly Fees due and owing thereunder. Unisource's decision not to pay those fees, however, did not prevent its cause of action from accruing in April 2000 when it learned that SunGard would enforce the renewal term of the contract. Thus, Unisource's Counterclaims filed in August 2002 are untimely, and should be dismissed.

B.   **The Incurrence of Costs and Fees in Defending SunGard's Claims Cannot Extend the Statute of Limitations.**

Having asked the Court to close its eyes to the accrual of its cause of action in April 2000, Unisource suggests that it suffered no remediable injury until SunGard filed suit. In other words, Unisource contends that it suffered no damages, and therefore had no cause of action, until SunGard brought lawsuit because Unisource – having chosen not to pay any Monthly Fees – incurred no out-of-pocket losses until it was required to retain counsel and bear the expenses of defending this lawsuit. Thus, Unisource concludes, its cause of action accrued only upon the filing of SunGard's Complaint.

This argument not only ignores the incurrence of a remediable injury in April 2000, it also misstates the law: Unisource's fees and expenses in defending this lawsuit cannot constitute compensable damages for misrepresentation. See, e.g., Pittsburgh Live, Inc. v. Servov, 419 Pa. Super. 423, 429-30, 615 A.2d 438, 441-42 (1992) ("[T]here is no established exception which permits recovery of attorney fees in an action for fraud."). Thus, under Unisource's own theory of its Counterclaims, it has no cause of action until it has suffered out-of-pocket losses. Yet, the only losses it now claims to have suffered cannot be recovered for misrepresentation.

In sum, either Unisource suffered an injury that could be remedied in April 2000, and therefore its claims are barred by the statute of limitations, or it has suffered no compensable injuries at all and therefore simply has no affirmative cause of action. Either way, Unisource's Counterclaims fail, and should be dismissed.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in its opening Memorandum of Law, Plaintiff/Counterclaim Defendant SunGard Recovery Services LP respectfully asks that this Court grant its motion and dismiss, with prejudice, Counts I and II of the Counterclaims of Defendant/Counterclaim Plaintiff

Unisource Worldwide, Inc.

        Respectfully submitted,

        BLANK ROME COMISKY & McCAULEY LLP

    BY: _/s/ Brian S. Paszamant_
        JAMES T. SMITH
        REBECCA D. WARD
        BRIAN S. PASZAMANT
        One Logan Square
        Philadelphia, PA 19103
        Telephone:   (215) 569-5500

        Attorneys for SunGard Recovery Services LP

Date: October 8, 2002

## CERTIFICATE OF SERVICE

I, Brian S. Paszamant, hereby certify that on October 8, 2002 I caused a copy of the foregoing Reply of Plaintiff/Counterclaim Defendant SunGard Recovery Services LP in Further Support of its Motion to Dismiss Counterclaim Counts I and II to be served by facsimile and first class mail, postage prepaid, upon counsel of record, addressed as follows:

>Eliot G. Long, Esquire
>BUCHANAN INGERSOLL, P.C.
>Eleven Penn Center
>1835 Market St.-14th Fl.
>Philadelphia, PA  19103

_____
BRIAN S. PASZAMANT