IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, INC. | : | |
| Defendant. | : | No. 02-CV-3845 |

**MEMORANDUM AND ORDER**

**J. M. KELLY, J.**                                **OCTOBER    , 2002**

Presently before the Court is a Motion for Partial Judgment on the Pleadings, filed by Defendant, Unisource Worldwide, Inc. ("Unisource"), and the response thereto filed by Plaintiff, SunGard Recovery Services, L.P. ("SunGard").  In its Complaint filed June 19, 2002, SunGard seeks damages for breach pursuant to an agreement the parties entered into, or, alternatively, equitable relief on the basis of unjust enrichment.  In the instant Motion, Unisource seeks dismissal of SunGard's unjust enrichment claim because both parties agree that the contract they entered into controls the parties rights and obligations. For the following reasons, Unisource's Motion is **DENIED.**

**I.   BACKGROUND**

On September 1, 1995, the parties entered into a Recovery Services Agreement ("Agreement") in which SunGard contracted to provide disaster relief services to Unisource's facilities in St.

Louis, Missouri and Itasca, Illinois.  The Agreement included three separate "Schedules," which detailed the work SunGard was to perform at Unisource's operations.  These three Schedules, designated as A, B and C, have been subsequently amended and superseded by the parties since the Agreement's inception.  Although the Agreement specified that each Schedule would commence on September 1, 1995 and last a period of 12 months, a provision in the Agreement stated that the Schedules would automatically renew unless Unisource provided SunGard with at least three months notice before the end of the then current term and set forth the method in which notice was to be given.  (Agreement at 4, ¶ 1.)  On March 8, 2000, SunGard received a letter from Unisource that expressed dissatisfaction with SunGard's services and explained that Unisource no longer believed that it maintained a contract with SunGard for services covering its St. Louis facility.  On April 7, 2000, SunGard notified Unisource that its cancellation was not in accordance with the Agreement provisions and was thereby ineffective.  SunGard also explained that because Schedule A-2, a modification of the original Schedule A, was set to expire on January 31, 2000, Unisource's notice of termination on March 8, 2000 was untimely and consequently, Schedule A-2 remains in effect until

January 31, 2003.[1]  After repeated requests for payment, on June 19, 2002, SunGard initiated suit on the grounds of breach of contract and unjust enrichment.  SunGard claims that the Agreement is still in effect and that Unisource is required to pay SunGard monthly fees under Schedule A-2 for services through January 31, 2003.  Unisource contends that Schedule A-2 was properly terminated on March 8, 2000 and asserts that even if its notice of cancellation was given beyond the time specified in the Agreement, this Court should not enforce the automatic renewal provision as to Schedule A-2 because the provision "fraudulently and/or negligently prevented Unisource from exercising its rights under the Agreement."  (Def. Reply at 2.)

## II.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The Court must review a Rule 12(c) motion under the same standard as a motion to dismiss pursuant to Rule 12(b)(6), by accepting the nonmovant's well-plead averments of fact as true and viewing all inferences in the light most

---

[1] Although the original Agreement stated that each Schedule would last a period of 12 months, a subsequent modification to Schedule A provided that services under this Schedule would run in periods of 36 months.

favorable to the nonmoving party.  <u>Jablonski v. Pan American World Airways, Inc.</u>, 863 F.2d 289, 290-91 (3d Cir. 1988); <u>Society Hill Civic Assoc. v. Harris</u>, 632 F.2d 1045, 1054 (3d Cir. 1980); <u>Abbdulaziz v. City of Philadelphia</u>, Civ. A. No. 00-5672, 2001 U.S. Dist. LEXIS 16972, at *4 (E.D. Pa. Oct. 18, 2001).  Judgment on the pleadings is appropriate only when the movant establishes, on the face of the pleadings alone, that he is entitled to judgment as a matter of law and "that no material issue of fact remains to be resolved" in order to ensure that "the rights of the nonmoving party are decided as fully and fairly on a rule 12(c) motion, as if there had been a trial." <u>Society Hill</u>, 632 F.2d at 1054 (citations omitted); <u>Saudi Basic Indus. Corp. v.Exxonmobile Corp.</u>, 194 F. Supp. 2d 378, 390 (D.N.J. 2002) (citations omitted); <u>Pellegrino Food Products Co. v. City of Warren</u>, 136 F. Supp. 391, 399 (W.D. Pa. 2000).

### III.  DISCUSSION

In the instant motion, Unisource requests that this Court dismiss SunGard's equitable claim of unjust enrichment because neither party disputes that the Agreement controls their rights and obligations.  In response, SunGard argues that its claim for equitable relief is a proper alternative remedy because Unisource protests the validity and enforceability of a renewed Agreement. Although Unisource contests this characterization of its

argument, we agree with SunGard and must therefore deny Unisource's premature motion.

The law in the Third Circuit is clear that equitable remedies are not available when a valid contract exists. <u>Matter of Penn Center Transportation Co.</u>, 831 F.2d 1221, 1230 (3d Cir. 1987); <u>Hershey Foods Corp. v. Chapek, Inc.</u>, 828 F.2d 989, 999 (3d Cir. 1987); <u>Emerson v. Adult Community Total Serv.</u>, 842 F. Supp. 152, 157 (E.D. Pa. 1994). Our decision to deny Unisource's motion does not disturb this precedent because Unisource is, in fact, protesting the validity of the Agreement by arguing that: (1) it properly terminated Schedule A-2 in compliance with the Agreement, and (2) even if it did not properly terminate Schedule A-2, the renewal provision should not be enforced.[2] In both scenarios, Unisource argues that the Agreement to provide services, as detailed in Schedule A-2, terminated, and that there is no contract under which the parties operate. Unisource is clear that it does not dispute that the Agreement, at one point, existed and controlled the parties obligations. However, Unisource, by arguing that Schedule A-2 is invalid and should not

---

[2] Although Unisource does protest the renewal of Schedule B and C in its Answer, Unisource only addresses the renewal of Schedule A-2 in its reply. For the purpose of this Motion, we discuss only the viability of an unjust enrichment claim as applied to Schedule A-2. However, the Court's analysis would produce the same result if applied to Unisource's objections to the renewal of Schedule B and C, which remain in effect, according to SunGard, until August 31, 2000 and August 31, 2003, respectively. (Pl. Compl. at 6, ¶ 20.)

be enforced even if notice was ineffective, is contesting the existence of a renewed Agreement.

Although we do not decide the merits of SunGard's claim, SunGard is correct in proposing that should this Court eventually conclude that Unisource complied with the notice provisions in the Agreement, then Unisource successfully terminated SunGard's services and the Agreement was not renewed.  Thus, under this scenario, it would follow that, at the time of Unisource's alleged breach of contract, there would be no valid agreement that controlled the parties rights and consequently, no agreement upon which to assess damages.  Taken to its logical conclusion, this Court would then review whether an equitable remedy may be appropriate for services rendered after Schedule A-2 had expired.

This Court could also find the opposite, and hold that the Agreement was renewed despite Unisource's notice on March 8, 2000.  Were this the outcome, we would dismiss SunGard's claim for equitable relief.  However, we will not make this determination prematurely and preclude an alternative cause of action, in accordance with Rule 8, without determining whether a valid contract in fact existed at the time of Unisource's alleged breach.[3]  See, e.g., PDP Enterprises, Inc. v. Northwestern Human

---

[3] Federal Rule of Procedure 8 provides that "[r]elief in the alternative or of several different types may be demanded." Fed. R. Civ. P. 8(a)(3).

<u>Serv., Inc.</u>, 2001 WL 1807942, at *3-4 (Pa. Commw. Ct. Aug. 31, 2001) (refusing to dismiss unjust enrichment claim as an alterative to breach of contract, noting that the movant might argue that the contract expired during the time of the alleged breach).  Accordingly, we **DENY** Unisource's motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P. | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, INC. | : | |
|     Defendant. | : | No. 02- CV-3845 |

## **O R D E R**

**AND NOW**, this         day of October, 2002, in consideration of the Motion for Partial Judgment on the Pleadings, filed by the Defendant, Unisource Worldwide, Inc. (Doc. No. 5), the Response of the Plaintiff, SunGard Recovery Services, L.P., (Doc. No. 7) and the Defendant's Reply thereto (Doc. No. 9), it is **ORDERED** that the Motion for Partial Judgment on the Pleadings is **DENIED**.

BY THE COURT:

_____
JAMES McGIRR KELLY, J.