IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, INC. | : | |
| Defendant. | : | No. 02-CV-3845 |

**MEMORANDUM AND ORDER**

**J. M. KELLY, J.**                                                **DECEMBER    , 2002**

Presently before the Court is a Motion to Dismiss filed by Plaintiff SunGard Recovery Services, L.P. ("SunGard"), the response filed by Defendant Unisource Worldwide, Inc. ("Unisource"), and SunGard's reply thereto.  SunGard petitions this Court to dismiss Counterclaim Counts I and II (collectively "Counterclaims") included in Unisource's Answer to SunGard's Complaint filed August 14, 2002.  As set forth in the Counterclaims, Unisource argues that statements made by SunGard agents were fraudulent and negligently concealed and misrepresented the parties' relationship and contractual obligations.  In the instant Motion to Dismiss, SunGard contends that the Counterclaims are time-barred by the two-year statute of limitations for claims of fraud, negligent concealment and misrepresentation pursuant to 42 Pa. Cons. Stat. § 5524(7).  For the forgoing reasons, SunGard's Motion is **DENIED.**

## I. BACKGROUND

On September 1, 1995, the parties entered into a Recovery Services Agreement ("Agreement") in which SunGard contracted to provide, among other things, emergency data recovery services for an AS 400 mainframe computer ("mainframe") located at Unisource's facility in St. Louis, Missouri. Around September 1999, Unisource determined that it no longer needed the services SunGard provided since it had recently moved the mainframe to a different location. However, Unisource continued to receive invoices from SunGard for services relating to the mainframe. Unable to locate the Agreement and unsure of how it could cancel SunGard's services pursuant to the contractual provisions therein, Unisource contacted SunGard and requested a copy of the Agreement. SunGard assured Unisource that it would provide a copy of the Agreement, but insisted that SunGard representatives would deliver the Agreement to it instead of mailing a copy. Unisource agreed and, in early October 1999, Unisource management met with SunGard agents. However, at the meeting, SunGard agents failed to produce a copy of the Agreement, professed ignorance of the Agreement's terms and attempted to sell Unisource additional services. Unisource management in attendance stressed that SunGard's services were no longer needed and stated that Unisource was uninterested in any additional services. Upon their departure, SunGard agents promised to deliver a copy of the

Agreement to Unisource in the near future.  However, two weeks after the meeting, Unisource still had not received the Agreement, prompting another call to SunGard and another request for a copy of the Agreement.

In December 1999, Unisource management spoke with SunGard agent Joe Walsh, who informed Unisource that the entire Agreement had automatically renewed for another term.  On March 8, 2000, Unisource sent SunGard a written notice of termination that stated it disputed the Agreement's automatic renewal provision and asserted it had properly cancelled the Agreement pursuant to its terms.  On June 19, 2002, SunGard filed suit against Unisource, alleging that Unisource breached the Agreement and was responsible for contractual damages, or in the alternative, relief under an unjust enrichment theory.  On August 14, 2002, Unisource filed its Answer, which included several affirmative defenses and counterclaims.  This opinion addresses the vitality of Unisource's Counterclaims alleging fraud, negligent concealment and misrepresentation.

## II.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12 provides that a party may move to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must

accept the non-movant's well-plead averments of fact as true and view all inferences in the light most favorable to the non-moving party.  <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985); <u>Society Hill Civic Assoc. v. Harris</u>, 632 F.2d 1045, 1054 (3d Cir. 1980); <u>Abbdulaziz v. City of Philadelphia</u>, Civ. A. No. 00-5672, 2001 U.S. Dist. LEXIS 16972, at *4 (E.D. Pa. Oct. 18, 2001).  A motion to dismiss is appropriate only when the movant establishes that he is entitled to judgment as a matter of law and there exists "no set of facts in support of his claims which would entitle him to relief."  <u>Ford v. Schering-Plough Corp.</u>, 145 F.3d 601, 604 (3d Cir. 1998); <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1405 (3d Cir. 1991).  In reviewing a motion to dismiss, the court must only consider the facts alleged in the pleadings and attachments thereto.  <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994); <u>Douris v. Schweiker</u>, Civ. A. No. 02-1749, 2002 U.S. Dist. LEXIS 21029, at *6 (E.D. Pa. Oct. 23, 2002).

### III.  DISCUSSION

In the instant Motion, SunGard petitions this Court to dismiss Unisource's Counterclaims because, pursuant to the applicable statute of limitations, Unisource's allegations of fraud, negligent concealment and misrepresentation are untimely.  From the averments contained in Unisource's Answer, SunGard contends that Unisource knew or should have known of the alleged

fraud, negligent concealment and misrepresentation perpetrated by SunGard on March 8, 2000, and that Unisource did not choose to take legal action until it filed the Counterclaims on August 14, 2002, more than two years after the alleged fraud was discovered. In response, Unisource argues that since there are factual issues surrounding when it knew of, or should have reasonably discovered the alleged fraud, concealment and misrepresentation, a motion to dismiss is improper, premature and involves a determination best left to the jury.

As a preliminary matter, we note that since this claim is based on the diversity of the parties, we are bound to apply state law to assess whether Unisource's counterclaims are time-barred.  Patterson v. American Bosch Corp., 914 F.2d 384, 387 (1990); Falbo v. State Farm Insurance Co., Civ. A. No. 96-5540, 1997 U.S. Dist. LEXIS 2687, at *30 n.8 (E.D. Pa. Mar. 13, 1997). Under Pennsylvania law, claims "sounding in trespass, including deceit or fraud" are governed by a two-year statute of limitations.[1]  42 Pa. Cons. Stat. § 5524(7).  The parties do not

---

[1]  Section 5524 states, relevant part:

The following actions and proceedings must be commenced within two years:

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in

dispute that Pennsylvania's two-year statute of limitations apply.  Rather, they protest each other's characterization of when Unisource's Counterclaims accrued to trigger the two-year statute of limitations.  Under Pennsylvania law, claims of fraud and negligence-related accusations accrue "when the injury is suffered, and the statute begins to run when the plaintiff knows, or reasonably should know, that he or she has been injured and that the injury was caused by the conduct of another," Abbdulaziz, 2001 U.S. Dist. LEXIS 16972, at *14.  The injury triggering the statute of limitations signals "the occurrence of the final significant event necessary to make the claim suable." Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., 372 F.2d 18, 20 (3d Cir. 1966).  Pennsylvania's accrual scheme seeks to protect an individual from another's acts of fraud or concealment that would cause him "to relax his vigilance or to deviate from his right of injury."  Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991); In re Joshua Hill, Inc., 199 B.R. 298, 309 (Bankr. E.D. Pa. 1996).

Although SunGard urges this Court to conclude that Unisource's Answer clearly illustrates that its Counterclaims are time-barred, this determination is usually left to a jury. Bohus, 950 F.2d at 925.  With that in mind, we believe that there

---

    this subchapter.

are significant factual disputes underlying SunGard's contention that Unisource suffered a cognizable legal injury outside of the two-year statute of limitations.  SunGard stresses that the alleged injury triggering the statute of limitations occurred when Unisource first learned of the purported falsity of SunGard's statements on or before March 8, 2000.  In contrast, Unisource suggests that since it did not state when it sustained an injury as a result of SunGard's alleged fraudulent and negligent acts, this Court must draw the inference that Unisource could have incurred the injury triggering the statute of limitations when SunGard sought to enforce the renewed contract.  To that end, Unisource proposes its injury did not accrue until SunGard filed suit to enforce the Agreement on August 14, 2002.

Although a jury may eventually deem SunGard's interpretation more plausible, this Court, viewing all allegations contained in Unisource's Answer and Counterclaims as true and in a light most favorable to Unisource, cannot conclude that "it appears beyond a reasonable doubt that . . . [the non-movant] can prove no set of facts in support of his claim which would entitled him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Since there remain issues of fact involving the time of accrual of Unisource's injury, such determinations must be left to a jury and cannot be decided by this Court.  See 6 James Wm. Moore et al., Moore's Federal Practice ¶ 56.200[67] app., at 56-203 (3d

ed. 2002) ("when . . . a genuine issue of material fact remains, especially as to the time the action accrued, a motion for summary judgment [or pursuant to 12(b)(6)] on the basis of the statute of limitations should be denied").  Therefore, for the forgoing reasons, SunGard's Motion to Dismiss is **DENIED**.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, INC. | : | |
| Defendant. | : | No. 02- CV-3845 |

## **O R D E R**

**AND NOW**, this        day of December 2002, in consideration of the Motion to Dismiss filed by Plaintiff, SunGard Recovery Services, L.P. ("Plaintiff"), (Doc. No. 8), the Response of Defendant Unisource Worldwide, Inc., (Doc. No. 11) and Plaintiff's Reply thereto (Doc. No. 12), it is **ORDERED** that the Motion to Dismiss is **DENIED**.

BY THE COURT:

_____
JAMES McGIRR KELLY, J.