UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

SUNGARD RECOVERY SERVICES LP, :
: 
    Plaintiff/Counterclaim :
    Defendant, :
:    No. 02-3845 (JMK)
    v. :
:
UNISOURCE WORLDWIDE, INC., :
:
    Defendant/Counterclaim :
    Plaintiff. :
:

---

### ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFF/COUNTERCLAIM DEFENDANT SUNGARD RECOVERY SERVICES LP TO THE COUNTERCLAIMS OF DEFENDANT/ COUNTERCLAIM PLAINTIFF UNISOURCE WORLDWIDE, INC.

Plaintiff/Counterclaim Defendant SunGard Recovery Services LP ("SunGard"), through its undersigned counsel, answers the allegations of the Counterclaims of Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. ("Unisource") as follows:

40.    SunGard incorporates herein paragraphs 1 through 39 of its Complaint as if fully set forth herein.

41.    Denied as stated. It is admitted only that effective September 1, 1995, SunGard entered into a Recovery Services Agreement with Unisource, and that a copy of this Agreement, along with associated and superceding Schedules (collectively, the "Agreement"), is attached to SunGard's Complaint as Exhibit A.

42. Denied. The Agreement is a document that speaks for itself and any characterization thereof is denied.

43. Denied. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of ¶ 43, and such allegations are therefore denied.

44. Denied. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of what Unisource personnel began noticing in September, 1999, and such allegations are therefore denied. Further, SunGard denies the remaining allegations of ¶ 44.

45. Denied. SunGard lacks sufficient information or knowledge to form a belief as to whether Unisource was able to locate a copy of the Agreement, and such allegations are therefore denied. SunGard also denies that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

46. Denied. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of ¶ 46, and such allegations are therefore denied. SunGard also denies that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

47. Denied. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of ¶ 47, and such allegations are

therefore denied. SunGard also denies any implication that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

48. Admitted in part; denied in part. It is admitted only that Unisource agreed to meet with SunGard. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of Unisource's understanding as to why its representatives were meeting with SunGard's representatives, or that the purpose of the meeting was to review the Agreement between the parties and confirm its terms, and such allegations are therefore denied. SunGard also denies any implication that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

49. Admitted in part; denied in part. It is admitted only that SunGard representatives met with Unisource representatives in 1999. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of ¶ 49, and such allegations are therefore denied.

50. Denied. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of ¶ 50, and such allegations are therefore denied.

51. Denied. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of ¶ 51, and such allegations are

therefore denied. SunGard also denies any implication that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

52. Denied. The allegations of ¶ 52 are denied as conclusions of law to which no response is required.

53. Denied. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of ¶ 53, and such allegations are therefore denied. SunGard also denies any implication that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

54. Denied. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of ¶ 54, and such allegations are therefore denied.

55. Denied. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegation that Mr. Walsh did not contact Unisource until December, 1999, and such allegation is therefore denied. SunGard denies the remaining allegations of ¶ 55.

56. Denied. The Agreement is a document that speaks for itself and any characterization thereof is denied. To the extent that a response to the allegations of ¶ 56 unrelated to the express terms of the Agreement is required, SunGard denies

such allegations. Further, SunGard denies that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

57. Admitted in part; denied in part. The Agreement is a document that speaks for itself and any characterization thereof is denied. To the extent that a response to the allegations of ¶ 57 unrelated to the express terms of the Agreement is required, it is admitted only that Mr. Walsh had a copy of the Agreement sent to Mr. Hennessey. SunGard lacks sufficient information or knowledge to form a belief as to the truth or falsity of Unisource's allegation concerning when Mr. Walsh sent Mr. Hennessey a copy of the Agreement, and such allegation is therefore denied.

58. It is admitted only that Unisource has requested that SunGard refrain from holding Unisource responsible for its obligations established by the Agreement, and that SunGard has refused such requests.

59. Admitted in part; denied in part. The Agreement is a document that speaks for itself and any characterization thereof is denied. To the extent that a response to the allegations of ¶ 59 unrelated to the express terms of the Agreement is required, it is admitted only that SunGard has refused Unisource's request that it be relieved of any obligations imposed upon Unisource by the Agreement. SunGard denies the remaining allegations of ¶ 59 including, but not limited to, those allegations pertaining to Unisource's alleged oral termination or March 8, 2000 written termination of the Agreement, which are directly at odds with the express terms of the Agreement.

60. Admitted in part; denied in part. The Agreement is a document that speaks for itself and any characterization thereof is denied. To the extent that a response to the allegations of ¶ 60 unrelated to the express terms of the Agreement is required, those allegations of ¶ 60 which are consistent with SunGard's Complaint filed in this action are admitted, while those which are not are denied. Further, it is denied that SunGard believes that Unisource has never terminated Schedule C. On the contrary, SunGard believes that Unisource terminated Schedule C with the filing of its Answer with Counterclaims.

## Count I: Fraud

61. SunGard incorporates herein paragraphs 1 through 39 of its Complaint and its responses to paragraphs 40 through 60 above as if fully set forth herein.

62. Denied. The allegations of ¶ 62 are denied as conclusions of law to which no response is required. To the extent that a response is required, SunGard denies these allegations. SunGard also denies any implication that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

63. Denied. The allegations of ¶ 63 are denied as conclusions of law to which no response is required. To the extent that a response is required, SunGard denies these allegations. SunGard also denies any implication that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement,

and was provided with copies of the Agreement at the time its various component parts were executed.

64. Denied. The allegations of ¶ 64 are denied as conclusions of law to which no response is required. To the extent that a response is required, SunGard denies these allegations. SunGard also denies any implication that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

65. Denied. The allegations of ¶ 65 are denied as conclusions of law to which no response is required. To the extent that a response is required, SunGard denies these allegations. SunGard also denies any implication that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

66. Denied. The allegations of ¶ 66 are denied as conclusions of law to which no response is required. To the extent that a response is required, SunGard denies that its actions have caused Unisource any harm.

67. Denied. The allegations of ¶ 67 are denied as conclusions of law to which no response is required.

68. Denied. The allegations of ¶ 68 are denied as conclusions of law to which no response is required. To the extent that a response is required, SunGard denies that its actions have caused Unisource to incur any damages.

69. Denied. The allegations of ¶ 69 are denied as conclusions of law to which no response is required.

70. Denied. The Agreement is a document that speaks for itself and any characterization thereof is denied. To the extent that a response to the allegations of ¶ 70 unrelated to the express terms of the Agreement is required, SunGard denies such allegations. Further, SunGard denies that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

71. Denied. The allegation of ¶ 71 is denied as a conclusion of law to which no response is required. To the extent that a response to the allegation of ¶ 71 is required, SunGard denies such allegation.

72. Denied. The allegations of ¶ 72 are denied as conclusions of law to which no response is required. To the extent that a response to the allegations of ¶ 72 is required, SunGard denies such allegations.

73. Denied. The allegations of ¶ 73 are denied as conclusions of law to which no response is required. To the extent that a response to the allegations of ¶ 73 is required, SunGard denies such allegations.

74. Denied. The allegations of ¶ 74 are denied as conclusions of law to which no response is required. To the extent that a response to the allegations of ¶ 74 is required, SunGard denies such allegations. Further, SunGard denies that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the

Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

75. Denied. The allegations of ¶ 75 are denied as conclusions of law to which no response is required. To the extent that a response is required, SunGard denies that its actions have caused Unisource to incur any damages.

76. Denied. The allegations of ¶ 76 are denied as conclusions of law to which no response is required.

WHEREFORE, Plaintiff/Counterclaim Defendant SunGard Recovery Services L.P. respectfully requests that judgment be entered in its favor against Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. ("Unisource") with respect to Count I of Unisource's Counterclaims, and that this Honorable Court award Plaintiff/Counterclaim Defendant SunGard Recovery Services L.P. attorney's fees, costs and any such other and further relief as may be deemed just and equitable.

### Count II: Negligent Misrepresentation and Concealment

77. SunGard incorporates herein paragraphs 1 through 39 of its Complaint and its responses to paragraphs 40 through 76 above as if fully set forth herein.

78. Denied. The allegations of ¶ 78 are denied as conclusions of law to which no response is required. To the extent that a response to the allegations of ¶ 78 is required, SunGard denies such allegations. Further, SunGard denies that Unisource was unaware of the Agreement's terms as Unisource was a signatory to the Agreement, and was provided with copies of the Agreement at the time its various component parts were executed.

79.    Denied. The allegations of ¶ 79 are denied as conclusions of law to which no response is required. To the extent that a response to the allegations of ¶ 79 is required, SunGard denies such allegations.

80.    Denied. The allegations of ¶ 80 are denied as conclusions of law to which no response is required. To the extent that a response to the allegations of ¶ 80 is required, SunGard denies such allegations.

81.    Denied. The allegations of ¶ 81 are denied as conclusions of law to which no response is required. To the extent that a response to the allegations of ¶ 81 is required, SunGard denies such allegations.

82.    Admitted in part; denied in part. The allegations of ¶ 82 are denied as conclusions of law to which no response is required. To the extent that a response to the allegations of ¶ 82 is required, it is admitted only that Unisource did not provide SunGard with written termination of the Agreement in October, 1999. SunGard denies the remaining allegations of ¶ 82.

83.    Denied. The allegations of ¶ 83 are denied as conclusions of law to which no response is required. To the extent that a response is required, SunGard denies that its actions have caused Unisource to incur any damages.

WHEREFORE, Plaintiff/Counterclaim Defendant SunGard Recovery Services L.P. respectfully requests that judgment be entered in its favor against Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. ("Unisource") with respect to Count II of Unisource's Counterclaims, and that this Honorable Court

award Plaintiff/Counterclaim Defendant SunGard Recovery Services L.P. attorney's fees, costs and any such other and further relief as may be deemed just and equitable.

### Count III: Breach of Contract

84. SunGard incorporates herein paragraphs 1 through 39 of its Complaint and its responses to paragraphs 40 through 83 above as if fully set forth herein.

85. Admitted.

86. Denied.

87. Denied. The allegations of ¶ 87 are denied as conclusions of law to which no response is required. To the extent that a response to the allegations of ¶ 87 is required, SunGard denies such allegations.

88. Denied. The allegations of ¶ 88 are denied as conclusions of law to which no response is required.

89. Denied. The allegations of ¶ 89 are denied as conclusions of law to which no response is required.

90. Denied. The allegations of ¶ 90 are denied as conclusions of law to which no response is required. To the extent that a response is required, SunGard denies that its actions have caused Unisource to incur any damages.

WHEREFORE, Plaintiff/Counterclaim Defendant SunGard Recovery Services L.P. respectfully requests that judgment be entered in its favor against Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. ("Unisource") with respect to Count III of Unisource's Counterclaims, and that this Honorable Court

award Plaintiff/Counterclaim Defendant SunGard Recovery Services L.P. attorney's fees, costs and any such other and further relief as may be deemed just and equitable.

### First Affirmative Defense

Unisource's Counterclaims fail to state a claim against SunGard upon which relief can be granted.

### Second Affirmative Defense

Unisource's Counterclaims are barred in whole or in part by the applicable Statute of Limitations.

### Third Affirmative Defense

Unisource's Counterclaims are barred in whole or in part by the doctrine of waiver.

### Fourth Affirmative Defense

Unisource's Counterclaims are barred in whole or in part by the doctrine of estoppel.

### Fifth Affirmative Defense

Unisource's Counterclaims are barred in whole or in part by the doctrine of laches.

### Sixth Affirmative Defense

Unisource's Counterclaims are barred in whole or in part by its failure to mitigate damages.

### Seventh Affirmative Defense

Unisource's Counterclaims are barred in whole or in part because SunGard did not make any misrepresentations.

### Eighth Affirmative Defense

Unisource's Counterclaims are barred in whole or in part because Unisource did not rely upon any misrepresentations by SunGard, which misrepresentations SunGard disputes were ever made.

### Ninth Affirmative Defense

Unisource's Counterclaims are barred in whole or in part because Unisource has suffered no compensible damages.

### Tenth Affirmative Defense

Unisource's Counterclaims are barred in whole or in part by its own failure to act with commercial reasonableness.

### Eleventh Affirmative Defense

Unisource's Counterclaims are barred in whole or in part by its failure to give reasonable notice to SunGard.

### Twelfth Affirmative Defense

Unisource's damages, if any, were caused in whole or in part by Unisource's own acts or omissions including, but not limited to, its failure to act in accordance with the Agreement.

### Thirteenth Affirmative Defense

Unisource's Counterclaims are barred in whole or in part by its failure to act in good faith.

### Fourteenth Affirmative Defense

Unisource's Counterclaims are barred in whole or in part by its preceding material breach of the Agreement.

WHEREFORE, Plaintiff/Counterclaim Defendant SunGard Recovery Services L.P. respectfully requests that judgment be entered in its favor against Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. ("Unisource") with respect to Unisource's Counterclaims, and that this Honorable Court award Plaintiff/Counterclaim Defendant SunGard Recovery Services L.P. attorney's fees, costs and any such other and further relief as may be deemed just and equitable.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP

Date: December 18, 2002    BY: _____
JAMES T. SMITH
REBECCA D. WARD
BRIAN S. PASZAMANT
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 832-5791

Attorneys for SunGard Recovery Services LP

## CERTIFICATE OF SERVICE

I, Brian S. Paszamant, hereby certify that on December 18, 2002 I caused a copy of the foregoing Answer and Affirmative Defenses of Plaintiff/Counterclaim Defendant SunGard Recovery Services LP to the Counterclaims of Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. to be served by hand delivery, upon counsel of record, addressed as follows:

>Eliot G. Long, Esquire
>BUCHANAN INGERSOLL, P.C.
>Eleven Penn Center
>1835 Market St.-14th Fl.
>Philadelphia, PA  19103

_____
BRIAN S. PASZAMANT