# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNGARD RECOVERY SERVICES L.P.,   :
                               :

    Plaintiff/Counterclaim Defendant,   :

                               :      Civil Action No. 02-3845 (JMK)

    v.                          :

                               :

UNISOURCE WORLDWIDE, INC.,      :

                               :

    Defendant/Counterclaim Plaintiff.   :

## ORDER

AND NOW, this        day of             , 2003, upon consideration of Plaintiff/Counterclaim-Defendant SunGard Recovery Services L.P.'s ("SunGard") Motion to Compel Discovery from Defendant/Counterclaim-Plaintiff Unisource Worldwide, Inc. ("Unisource") Pursuant to Rule 26.1 of the Local Rules of Civil Procedure, and Unisource's response thereto, it is hereby ORDERED that the Motion is GRANTED. Unisource shall: 1) respond and provide all documents in its possession, custody or control responsive to Requests 3, 13, 14, 16, 18, 19, 34, 35 and 47 of SunGard's First Request for Production of Documents Directed to Unisource; and 2) answer interrogatories 7 through 19 of SunGard's First Set of Interrogatories Directed to Unisource, within 10 days of the date of this Order.

BY THE COURT:

_____

The Hon. James McGirr Kelly, U.S.D.J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P., | : | |
| | : | |
| Plaintiff/Counterclaim-Defendant, | : | |
| | : | Civil Action No. 02-3845 (JMK) |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, INC., | : | |
| | : | |
| Defendant/Counterclaim-Plaintiff. | : | |
| | : | |

### PLAINTIFF/COUNTERCLAIM-DEFENDANT SUNGARD RECOVERY SERVICES L.P'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT/ COUNTERCLAIM-PLAINTIFF UNISOURCE WORLDWIDE, INC. PURSUANT TO RULE 26.1 OF THE LOCAL RULES OF CIVIL PROCEDURE

Plaintiff/Counterclaim-Defendant SunGard Recovery Services L.P. ("SunGard"), through its undersigned counsel, hereby moves this Honorable Court pursuant to Rule 26.1 of the Local Rules of Civil Procedure, as adopted by the United States District Court for the Eastern District of Pennsylvania, to enter an Order in the form attached hereto requiring Defendant/Counterclaim-Plaintiff Unisource Worldwide, Inc. ("Unisource") to: 1) respond and provide all documents in its possession, custody or control responsive to Requests 3, 13, 14, 16, 18, 19, 34, 35 and 47 of SunGard's First Request for Production of Documents Directed to Unisource; and 2) answer interrogatories 7 through 19 of SunGard's First Set of Interrogatories Directed to Unisource, within ten days.

In support of this Motion, SunGard relies on and incorporates the matters set forth in the accompanying Memorandum of Law, and the Exhibits attached thereto.

Respectfully submitted,

**BLANK ROME LLP**

Date: January 24, 2003          BY:_____

JAMES T. SMITH
BRIAN S. PASZAMANT
One Logan Square
Philadelphia, PA 19103
Telephone:    (215) 569-5500
Facsimile:    (215) 832-5791

Attorneys for Plaintiff/Counterclaim-Defendant
SunGard Recovery Services L.P.

2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P., | : | |
| | : | |
| Plaintiff/Counterclaim-Defendant, | : | |
| | : | Civil Action No. 02-3845 (JMK) |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, INC., | : | |
| | : | |
| Defendant/Counterclaim-Plaintiff. | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF/COUNTERCLAIM-DEFENDANT SUNGARD RECOVERY SERVICES L.P'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT/COUNTERCLAIM-PLAINTIFF UNISOURCE WORLDWIDE, INC. PURSUANT TO RULE 26.1 OF THE LOCAL RULES OF CIVIL PROCEDURE

Plaintiff/Counterclaim-Defendant SunGard Recovery Services L.P. ("SunGard") respectfully submits this memorandum of law in support of its Motion to Compel Discovery from Defendant/Counterclaim-Plaintiff Unisource Worldwide, Inc. ("Unisource") Pursuant to Rule 26.1 of the Local Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Unisource is not complying with its discovery obligations. Specifically, despite the broad latitude afforded litigants to conduct discovery, Unisource, relying on misplaced objections, has stonewalled SunGard's ability to obtain discovery concerning issues raised in the pleadings, most notably Unisource's Answer. Unisource's improper actions cannot be countenanced. Unisource should be compelled to respond to SunGard's discovery as detailed herein.

## FACTS AND PROCEDURAL HISTORY

On June 19, 2002, SunGard commenced this action by Complaint. SunGard's Complaint explains that SunGard specializes in the provision of computer-related disaster recovery services. Complaint, ¶¶ 5. It explains that SunGard has provided Unisource with disaster recovery services pursuant to written agreement since September 1, 1995, id., ¶¶ 5-16, and that Unisource paid SunGard for the provision of these services on a consistent monthly basis until November 1999 when Unisource inexplicably, and in direct contravention of the written agreement between the parties, stopped paying. Id., ¶ 20. Through the claims asserted in its Complaint, SunGard seeks remuneration for the disaster recovery services it has provided Unisource and for which Unisource has not paid.

In its Answer, Affirmative Defenses and Counterclaims ("Answer") Unisource proffers a host of reasons that it contends extinguish any liability it has to SunGard. For example, Unisource contends that SunGard breached the disaster recovery services agreement between the parties (the "Agreement") by failing to conduct disaster recovery system tests, Answer ¶ 44 and Count III, and failing to keep apprised of Unisource's disaster recovery service needs. Id., ¶¶ 42-43 and 87. In addition, Unisource contends that it is has no liability to SunGard because Unisource could not locate a copy of the Agreement and as such, did not know its terms; SunGard knew Unisource could not locate a copy of the Agreement; and SunGard failed to provide Unisource with a copy of such Agreement. Id., ¶¶ 45 & 63. Further, Unisource repeatedly contends that as of a certain date it no longer required SunGard's disaster recovery services, and that if it knew the terms of its Agreement with SunGard it would have terminated it. Id., ¶¶ 74 & 82.

2

On November 20, 2002, SunGard propounded its First Request for Production of Documents ("Document Requests") and First Set of Interrogatories ("Interrogatories") on Unisource.[1]   On December 20, 2002, Unisource served SunGard with its Responses to SunGard's Document Requests and Interrogatories.[2]  Unisource has, however, inexplicably objected to many of SunGard's Document Requests that seek information germane to this action as established by the pleadings.  Unisource has also inexplicably objected and refused to respond to interrogatories 7 through 19 of SunGard's Interrogatories contending that they exceed the numerical limitations imposed by Rule 33 of the Federal Rules of Civil Procedure.

By letter dated January 8, 2003, SunGard advised Unisource of the deficiencies in its Responses in the hope of amicably resolving this discovery dispute without the necessity of seeking this Court's intervention.[3]  By letter dated January 13, 2003, counsel for Unisource refused to supplement Unisource's Responses to SunGard's Document Requests and Interrogatories.[4]  This refusal has necessitated the instant Motion.

---

[1] A copy of SunGard's Document Requests and Interrogatories are attached as Exhibits "A" and "B", respectively.

[2] A copy of Unisource's Responses to SunGard's Document Requests and Interrogatories are attached as Exhibits "C" and "D", respectively.

[3] A copy of counsel for SunGard's January 8, 2003 letter is attached as Exhibit "E".

[4] A copy of counsel for Unisource's January 13, 2003 letter is attached as Exhibit "F".

## ARGUMENT

### A.    Rule 26 Standard.

It is axiomatic that the Federal Rules of Civil Procedure contemplate and allow broad and liberal discovery. Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999); see also In re Madden, 151 F.3d 125, 128 (3d Cir. 1998) ("Pretrial discovery is . . . accorded a broad and liberal treatment.") (internal quotations omitted). To be permissible, the discovery sought must merely be "relevant to the subject matter of the litigation." Katz v. Verizon Communications, Inc., No. Civ. A. 01-4627(CN), 2002 WL 31356302, *1 (E.D. Pa. Oct. 16, 2002).

Notwithstanding the broad latitude afforded SunGard to conduct discovery, Unisouce has lodged improper and unfounded objections to much of the written discovery served upon it by SunGard in this litigation as detailed below. SunGard respectfully asks the Court to compel Unisource to provide SunGard with the discovery sought, discovery that is squarely within the subject matter of this litigation as defined by the pleadings.

### B.    Unisource Should Be Compelled To Provide Responses And Documents Responsive To Requests 3, 13, 14, 16, 18, 19, 34, 35 And 47 Of SunGard's Document Requests.

In its Answer, Unisource contends that SunGard breached the Agreement which forms the factual predicate for SunGard's claims asserted in this action by, among other things, failing to conduct tests of the disaster recovery system SunGard agreed to provide Unisource. Answer ¶ 44 & Count III. Implicit in this contention is Unisource's belief that SunGard was solely responsible for scheduling such tests. SunGard disputes this contention and is entitled to discover whether during the course of its relationship with SunGard,

Unisource considered the issue of testing internally, and/or discussed whether this alleged lack of testing posed a problem in Unisource's eyes. Yet, Unisource has objected and refused to provide documentation in response to SunGard's Document Request number 3 which seeks "[a]ny and all documents reflecting, referring or relating to any consideration of [Unisource] to schedule or conduct tests under the Agreement," contending that this documentation is outside the scope of permissible discovery. See Document Request No. 3; Unisource's Response to Document Request No. 3.

This Document Request seeks documentation squarely within the scope of permissible discovery in that it directly relates to issues germane to this action as established by the pleadings. Unisource should be compelled to respond to this Document Request.

In its Answer, Unisource contends that SunGard breached the Agreement by, among other things, failing to keep apprised of the equipment for which Unisource required disaster recovery services. See Answer, ¶¶ 42-43 & 87. Yet, Unisource has objected and refused to provide documentation in response to SunGard's Document Request number 13 which seeks documentation "reflecting, referring or relating to the AS 400 mainframe referenced in ¶ 42 of [Unisource's Answer] and which Unisource contends was upgraded or replaced at some point during the pendency of the Agreement. Unisource contends that this documentation is outside the scope of permissible discovery. See Document Request No. 13; Unisource's Response to Document Request No. 13.

Here, Unisource points to SunGard's purported failure to keep apprised of the equipment for which Unisource required disaster recovery services as a basis for contending that it has no liability to SunGard under the Agreement. Although SunGard disputes that

5

this purported failure has any impact on Unisource's liability to SunGard, SunGard is certainly permitted to discover when Unisource moved or replaced the mainframe computer that Unisource now points to as a basis for extinguishing any liability to SunGard. As such, this Document Request seeks documentation squarely within the scope of permissible discovery in that it directly relates to issues germane to this action as established by the pleadings. Identical reasoning permits SunGard to propound discovery regarding the "different version of the AS 400 mainframe," as requested in SunGard's Document Request number 14 and which Unisource has likewise objected to. See Document Request No. 14; Unisource's Response to Document Request No. 14.

In its Answer, Unisource contends that it is has no liability to SunGard because Unisource could not locate a copy of the Agreement and as such, did not know its terms; SunGard knew Unisource could not locate a copy of the Agreement; and SunGard failed to provide Unisource with a copy of such Agreement. See Answer, ¶¶ 45 & 63. Further, Unisource repeatedly contends that as of a certain date it no longer required SunGard's disaster recovery services, and that if it knew the terms of its Agreement with SunGard it would have terminated it. Id., ¶¶ 74 & 82.

Yet, Unisource has objected and refused to provide documentation in response to Document Request numbers 16 and 35 which seek documentation referring or relating to SunGard or the Agreement, two subject matters that lie at the heart of this action. See Document Request Nos. 16 & 35; Unisource's Response to Document Request Nos. 16 & 35. These requests are particularly germane to this issues in this action in light of Unisource's contention that it did not know the terms of the Agreement or how to terminate

6

the Agreement. Simply put, Unisource's contentions necessitate that SunGard be entitled to discover whether Unisource was party to other disaster recovery agreements with SunGard that it could or should have consulted in an effort to apprise itself of the terms of the Agreement at issue in this action. As such, these Document Requests seek documentation squarely within the scope of permissible discovery in that it directly relates to issues germane to this action as established by the pleadings. Identical reasoning is applicable to SunGard's Document Requests numbers 18 and 19 which seek documentation "reflecting, referring or relating to any contract between Unisource and SunGard concerning the provision of disaster recovery services for any Unisource facility" and Unisource's Cincinnati facility, respectively  See Document Request Nos. 18 & 19; Unisource's Response to Document Request Nos. 18 & 19.

In its Answer, Unisource expends much ink detailing what it would have done about the Agreement, and in particular terminating the Agreement, if it only knew it terms. See e.g., Answer, ¶¶ 74 & 82. Yet, Unisource objects to Document Request number 34 which seeks documentation reflecting, referring or relating to Unisource's "consideration of the possibility of terminating the Agreement," contending that the requested documentation is outside the scope of permissible discovery. Certainly, SunGard is entitled to discovery what consideration, if any, Unisource gave to terminating the Agreement and when such consideration was given – issues expressly raised by Unisource in its Answer.

In its Answer, Unisource repeatedly contends that as of a certain date it was no longer in need of the disaster recovery services provided by SunGard pursuant to the Agreement, and wished to terminate such Agreement. Yet, Unisource objects to Document

7

Request number 47 which seeks documentation reflecting, referring or relating to Unisource's agreement(s) with individuals and/or entities other than SunGard to provide disaster recovery services for Unisource's "Itasca, Illinois, St. Louis, Missouri, Cincinnati, Ohio or Exton, Pennsylvania" facilities," contending that the requested documentation is outside the scope of permissible discovery.  See Document Request No. 47; Unisource's Response to Document Request No. 47.

Unisource's objection notwithstanding, this Document Request seeks documentation squarely within the scope of discovery.  Specifically, in light of the allegations concerning termination raised by Unisource in its Answer, SunGard is entitled to discover when, and if, the services that SunGard was providing Unisource pursuant to the Agreement became redundant of services provided by some other individual or entity.  Indeed, this information has the potential of shedding light on Unisource's claim that it no longer required the services provided by SunGard pursuant to the Agreement.  As such, this Document Request too seeks documentation squarely within the scope of permissible discovery in that it directly relates to issues germane to this action as established by the pleadings.

**C.**   **Unisource Should Be Compelled To Provide Detailed Answers To Interrogatories 7 Through 19 Of SunGard's Interrogatories.**

Unisource has refused to provide answers to interrogatory numbers 7 through 19 of SunGard's Interrogatories contending that through its first six interrogatories and their follow up inquires, SunGard has reached the numerical limitation imposed by Rule 33 of the Federal Rules of Civil Procedure.  See Unisource's Responses to SunGard's Interrogatories.

Unisource's contention is unfounded, and its refusal to answer Interrogatories 7 through 19 improper.

SunGard's Interrogatories do not exceed the numerical limitation imposed by Rule 33, and they certainly do not exceed such limitation after a mere six interrogatories. First, SunGard has served Unisource with 19 interrogatories, a number well short of Rule 33's numerical limitation. See SunGard's Interrogatories. Second, a review of the follow up inquiries contained in SunGard's first six interrogatories demonstrates that they should not be separately counted toward Rule 33's limitation.

Courts in this Circuit and elsewhere have implemented "rules of reasonability and fairness in compressing subparts to count against [Rule 33's numerical] limit." Nyfield v. Virgin Islands Tel. Corp., 200 F.R.D. 246, 247 (D.V.I. 2001); see also New Park Enter. L.L.C. v. Electric Factory Concerts, Inc., No. Civ. A. 98-775, 2000 WL 62315, *4 (E.D. Pa. Jan. 13, 2000) ("The court does not view subsidiary instructions to the interrogatories as propounding additional interrogatories, but merely specifying to the defendants the type of information plaintiff is eliciting in the interrogatories."), Yeager v. Corinthian Colleges, Inc., No. Civ. A. 01-3122, 2002 WL 1976773, *3 (E.D. La. Aug. 22, 2002) ("[A]lthough a number of the plaintiff's requests include several subparts, the Court is not of the opinion that they involve 'discrete' matters."). These Courts have also formulated a standard for determining whether a subpart or follow up inquiry should be counted as a separate interrogatory:

> 'Probably the best test of whether questions with a single are subsumed or related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine sub-parts should

9

not be counted as separate interrogatories notwithstanding that
they are joined by a conjunctive word and may be related.'

Nyfield, 200 F.R.D. at 247-48 (quoting Kendall v. GES Exposition Servs., Inc., 174 F.R.D.

684, 685-86 (D. Nev. 1997)); see also 1993 Advisory Committee Note, Fed. R. Civ. P. 33

("[A] question asking about communications of a particular type should be treated as a single

interrogatory even though it requests that the time, place, persons present, and contents be

stated separately for each communication.").

Application of this standard to the present situation demonstrates the falsity of

Unisource's contention that through its first six interrogatories and their associated follow

up inquires SunGard has reached the numerical limitation imposed by Rule 33.    For

example, Interrogatory number 3 states:

> In your Affirmative Defenses, you allege that SunGard's claims
> are barred by the doctrine of accord and satisfaction. With
> regard to this allegation state (a) the date upon which you
> tendered the payment that purportedly constitutes the basis for
> the accord and satisfaction, (b) the date upon which SunGard
> purportedly accepted the payment, and state the manner and
> substance of the purported acceptance, and (c) the manner and
> substance of your notice to SunGard that such payment would
> constitute full payment.

SunGard's Interrogatories.    Based upon Unisource's refusal to answer SunGard's

Interrogatories after number 6, SunGard can only assume that Unisource contends that

interrogatory number 3 is three separate interrogatories.  However, this interrogatory deals

exclusively with a single subject matter – accord and satisfaction, and merely seeks to obtain

basic information about the facts underlying this purported defense. Further, a review of the

follow up inquires discloses that they are dependant on the primary inquiry and cannot stand

alone. See Nyfield, 200 F.R.D. at 247-48.  As such, this is a single interrogatory for Rule 33

purposes.  Identical reasoning is applicable to Interrogatory number 4 which pertains to

Unisource's affirmative defense of waiver and Interrogatory number 5 which pertains to

Unisource's affirmative defense of equitable estoppel.  See SunGard's Interrogatories.

In sum, any contention that through its first six interrogatories and their associated

follow up inquires SunGard has reached the numerical limitation imposed by Rule 33 of the

Federal Rules of Civil Procedure is unfounded.  Unisource should be compelled to provide

detailed answers to SunGard's Interrogatories numbers 7 through 19.

## CONCLUSION

For all the reasons set forth above, this Court should order Unisource to: 1) respond

and provide all documents in its possession, custody or control responsive to Requests 3, 13,

14, 16, 18, 19, 34, 35 and 47 of SunGard's First Request for Production of Documents

Directed to Unisource; and 2) answer interrogatories 7 through 19 of SunGard's First Set of

Interrogatories Directed to Unisource, within ten days.

Respectfully submitted,

**BLANK ROME LLP**

Date: January 24, 2003          BY:_____

JAMES T. SMITH
REBECCA D. WARD
BRIAN S. PASZAMANT
One Logan Square
Philadelphia, PA 19103
Telephone:     (215) 569-5500
Facsimile:      (215) 832-5791

Attorneys for Plaintiff/Counterclaim-Defendant
SunGard Recovery Services L.P.

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SUNGARD RECOVERY SERVICES L.P.,**      :
                                                                    :
   **Plaintiff/Counterclaim Defendant,**       :
                                                                    :         **Civil Action No. 02-3845 (JMK)**
   **v.**                                                       :
                                                                    :
**UNISOURCE WORLDWIDE, INC.,**            :
                                                                    :
   **Defendant/Counterclaim Plaintiff.**          :
                                                                    :

## ATTORNEY CERTIFICATION OF GOOD FAITH
## PURSUANT TO LOCAL RULE 26.1(f)

Plaintiff and Counterclaim-Defendant, SunGard Recovery Services L.P., through its attorneys, hereby certifies and attests that pursuant to Local Rule 26.1(f), it has attempted to resolve the dispute which forms the basis for the foregoing motion. However, after reasonable effort, no resolution has been achieved.

**BLANK ROME LLP**

Date: January 24, 2003              BY:_____

                                                  JAMES T. SMITH
                                                  REBECCA D. WARD
                                                  BRIAN S. PASZAMANT
                                                  One Logan Square
                                                  Philadelphia, PA 19103
                                                  Telephone:    (215) 569-5500
                                                  Facsimile:    (215) 832-5791

                                                  Attorneys for Plaintiff/Counterclaim-Defendant
                                                  SunGard Recovery Services LP

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P., | : | |
| | : | |
| Plaintiff/Counterclaim Defendant, | : | |
| | : | Civil Action No. 02-3845 (JMK) |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, INC., | : | |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |

**SUNGARD RECOVERY SERVICES L.P.'S FIRST SET OF REQUESTS
FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff/Counterclaim Defendant SunGard Recovery Services LP, through its undersigned counsel, serves Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. with its First Set of Requests for Production, and directs Unisource to serve its responses and produce documents responsive to these Requests within 30 days of service to Brian S. Paszamant, Esquire, Blank Rome Comisky & McCauley, One Logan Square, Philadelphia, PA 19103.

## INSTRUCTIONS AND DEFINITIONS

1. "You" or "your" or "Unisource" shall include Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc., its representatives, agents, officers, employees, parents, subsidiaries, affiliated entities, attorneys, accountants and all other persons acting for or on behalf of Unisource.

2. "SunGard" shall include Plaintiff/Counterclaim Defendant SunGard Recovery Services LP or any other SunGard representatives, agents, officers, employees, attorneys, accountants and all other persons acting for or on behalf of SunGard.

3.    The "Agreement" shall refer to the Recovery Services Agreement entered into by SunGard and Unisource effective October 1, 1995, and any Schedules, amendments or addenda thereto.

4.    "Document" or "documents" shall refer to any and all written, typewritten, printed, taped, photographic, graphic, electronic or digital material of any kind, (including the originals and non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise) including without limitation: (i) correspondence, memoranda, notes, diaries, statistics, letters, telegraphs, minutes agenda, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of any conversation, bulletins, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alternations, modifications, changes and amendments of any of the foregoing; (ii) graphic or manual records or representations of any kind including, without limitation, photographs, charts, graphs, microfiche, microfilm, video tapes, records, motion pictures; and (iii) electronic, mechanical or electric records or representations of any kind including, without limitation, tapes, cassettes, discs, diskettes, e-mail messages, hard-drive, voice mail messages and recordings, whether or not previously transcribed.

5.    The words "and" or "or" shall be interpreted conjunctively or disjunctively as necessary to include any and all information otherwise within the scope of any Request.

6.    The Requests contained herein pertain to all documents (unless privileged) currently in your possession, custody or control, and include documents of you, your agents, representatives, officers, employees, accountants and your attorneys.

2

7.    If you claim that any Request is objectionable because the documents sought are privileged, identify in writing:

i.    a description of each document withheld on the grounds of privilege;

ii.    the nature of the privilege asserted to be applicable to each document;

iii.    the author of the document;

iv.    the addressee of the document;

v.    the identity of any other recipients of the document; and

vi.    the date the document was created.

If only a portion of a document is privileged, produce those portions of the document to which the asserted privilege does not apply, and follow the applicable instructions above.

8.    If you claim that any Request is objectionable for any other reason, in whole or in part, state the objection, explain its application to the particular Request, and respond to any portion of the Request to which your objection does not apply.

9.    When producing responsive documents for each Request, identify which documents are responsive to which Request, either by placing the documents in folders labeled per Request, or providing a separate listing cross-referencing each document and the Request(s) to which it is responsive.

10.    "Answer" or "Counterclaims" shall refer to the Answer, Affirmative Defenses and Counterclaims filed by Unisource in this action.

11.    Unless otherwise indicated, the time period covered by these requests runs from January 1, 1995 until the present.

3

## SPECIFIC REQUESTS

1.  Any and all documents referring or relating to the Agreement including, but not limited to, the terms thereof, as defined above.

2.  Any and all documents referring or relating to any tests conducted by Unisource under the Agreement.

3.  Any and all documents reflecting, referring or relating to any consideration by you to schedule or conduct tests under the Agreement.

4.  Any and all documents reflecting, referring or relating to any communications by you with SunGard regarding the scheduling, design or conducting of tests under the Agreement.

5.  Any and all documents reflecting, referring to or relating to any communications with SunGard regarding the Agreement as defined above.

6.  Any and all documents reflecting, referring or relating to the negotiation or execution of the Agreement.

7.  Any and all documents reflecting, referring or relating to Unisource's payment or non-payment of Monthly Fees under the Agreement.

8.  Any and all documents referred to or mentioned in Unisource's Initial Disclosures.

9.  Any and all documents reflecting, referring or relating to communications among the individuals identified in Unisource's Initial Disclosures concerning the Agreement or SunGard

4

10.    Any and all documents referring or relating to the Agreement or to SunGard that were created by, transmitted to, reviewed by or in the possession of the following individuals:  Carolle Fitzpatrick; Dale Schwartz; Phil Favia; Jack Bryant; Richard Frizzell; Jeanette Ford; Stephen Olroyd; Mark Beck; Joe Miller; Philip Armstrong; Christine Gregory; James Knight; William Hennessey; Ledell Miles; and Scott Moll.

11.    Any and all documents reflecting, referring to or relating to any notice of material breach of the Agreement provided by Unisource to SunGard.

12.    Any and all documents reflecting, referring to or relating to any opportunity provided by Unisource to SunGard to cure any purported material breach of the Agreement.

13.    Any and all documents reflecting, referring or relating to the AS 400 mainframe computer mentioned in ¶ 42 of your Counterclaims.

14.    Any and all documents reflecting, referring or relating to the "different version of the AS 400 mainframe" mentioned in ¶ 43 of your Counterclaims.

15.    Any and all documents reflecting, referring or relating to the relocation of the original AS 400 mainframe to your facility in Exton, Pennsylvania.

16.    Any and all files, records or other documents from, transmitted to or located at your St. Louis, Missouri or Itasca, Illinois facilities referring or relating to SunGard or the Agreement.

17.    Any and all documents reflecting, referring or relating to the factual bases for the allegations in ¶ 44 of your Counterclaims that Unisource had "not received any visits from a SunGard representative, nor any user's guides, updates or revisions."

18.    Any and all documents reflecting, referring or relating to any contract between Unisource and SunGard concerning the provision of disaster recovery services for any Unisource facility.

19.    Any and all documents reflecting, referring or relating to any contract with SunGard for your data center in Cincinnati.

20.    Any and all documents reflecting, referring or relating to your investigation, as alleged in ¶ 45 of your Counterclaims, regarding the Agreement or the invoices from SunGard.

21.    Any materials, brochures, correspondence, notes, guides, manuals or other documents received by you from SunGard.

22.    Any and all documents referring or relating to the factual bases for the allegations of ¶¶ 46, 47 and 48 of your Counterclaims regarding communications by William Hennessey, Scott Moll or any other Unisource representative with Robert DiBrino, Paula Moore or any other SunGard representative.

23.    Any and all documents referring or relating to the October 1999 meeting mentioned in ¶¶ 49, 50 and 51 of your Counterclaims.

24.    Any and all documents reflecting, referring or relating to the factual bases for the allegation in ¶ 52 of your Counterclaim regarding SunGard's fraudulent or negligent intent.

25.    Any and all documents reflecting, referring or relating to the conversation between William Hennessey and Paula Moore as alleged in ¶ 54 of your Counterclaim.

6

26.    Any and all documents reflecting, referring or relating to any communications from or to William Hennessey or any other representative of Unisource from or to Joe Walsh, Brenda Ring, Chris Cavanaugh, or Jennifer Jones.

27.    Any and all documents reflecting, referring or relating to the "repeated attempts" alleged in ¶ 58 of your Counterclaims to "secure SunGard's agreement to allow [Unisource] to prevent the alleged automatic renewal[.]"

28.    Any and all documents reflecting, referring or relating to the factual bases for your allegations that SunGard acted intentionally, willfully, recklessly, maliciously and/or outrageously to deceive Unisource.

29.    Any and all documents reflecting, referring or relating to any statements by SunGard that you contend constitute "misrepresentations" made to you.

30.    Any and all documents reflecting, referring or relating to any notice given by you to SunGard of any breach alleged in ¶ 87 of your Counterclaims.

31.    Any and all documents reflecting, referring or relating to any notice given by you to SunGard of any other breach not specifically alleged in your Counterclaims.

32.    Any and all documents reflecting, referring or relating to any refusal or failure by SunGard to cure any breach for which you provided SunGard notice.

33.    Any and all documents reflecting, referring or relating to your claimed damages including, but not limited to, your calculation of such damages.

34.    Any documents reflecting, referring or relating to your consideration of the possibility of terminating the Agreement.

35.    All internal memoranda, records or correspondence referring or relating to SunGard.

36.    Any and all documents reflecting, referring or relating to SunGard's response to your purported termination of the Agreement.

37.    Any and all documents reflecting, referring or relating to the factual bases for your affirmative defense that SunGard's claims are barred by the doctrine of accord and satisfaction, including but not limited to:

        a.    Any and all documents reflecting, referring or relating to any offer by you in full satisfaction of SunGard's claims; and

        b.    Any and all documents reflecting, referring or relating to any acceptance by SunGard of such offers.

38.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard has waived its claims.

39.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

40.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by SunGard's "willful interference with Unisource's ability to exercise its contractual rights."

41.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by SunGard's "procurement of the failure of a condition precedent."

8

42.     Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by SunGard's "breach of the implied duty of good faith and fair dealing."

43.     Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by the doctrine of "unclean hands."

44.     Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by your own "substantial performance."

45.     Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by your timely written notice of termination.

46.     Any and all documents referring to a document retention or destruction policy at your St. Louis, Missouri, Itasca, Illinois or Exton, Pennsylvania facilities.

47.     Any and all documents reflecting, referring or relating to agreements by entities or individuals other than SunGard to provide disaster recovery services to your facilities in Itasca, Illinois, St. Louis, Missouri, Cincinnati, Ohio or Exton, Pennsylvania.

48.     Any and all documents reflecting, referring or relating to SunGard's awareness of Unisource's desire to terminate the Agreement, as alleged in paragraph 63 of your Counterclaims.

49.    Any and all documents reflecting, referring or relating to SunGard's failure to "provide any reasonable level of customer service," as alleged in paragraph 87 of your Counterclaims.

50.    All documents required to be provided pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

51.    All documents which you provide to an individual who is required to provide a report pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

52.    All documents identified or referred to in your answers to SunGard's First Set of Interrogatories.

BLANK, ROME, COMISKY & McCAULEY LLP

Dated:  November 20, 2002

James T. Smith
Rebecca D. Ward
Brian S. Paszamant
One Logan Square
Philadelphia, PA 19103
Telephone:    (215) 569-5500
Facsimile:    (215) 832-5791

Attorneys for Plaintiff/Counterclaim Defendant
SunGard Recovery Services LP

## CERTIFICATE OF SERVICE

I, Brian S. Paszamant, hereby certify that on November 20, 2002 I caused a copy of SunGard Recovery Services L.P.'s First Request for Production of Documents to be served by hand delivery, upon counsel of record, addressed as follows:

> Eliot G. Long, Esquire
> BUCHANAN INGERSOLL, P.C.
> Eleven Penn Center
> 1835 Market St.-14th Fl.
> Philadelphia, PA  19103

BRIAN S. PASZAMANT

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNGARD RECOVERY SERVICES L.P.,   :
                                             :

     Plaintiff/Counterclaim Defendant,   :

                                           :     Civil Action No. 02-3845 (JMK)

     v.                                   :

                                           :

UNISOURCE WORLDWIDE, INC.,    :

                                           :

     Defendant/Counterclaim Plaintiff.   :

                                           :

## SUNGARD RECOVERY SERVICES L.P.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff/Counterclaim Defendant SunGard Recovery Services LP, through its undersigned counsel, directs the Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc. to respond under oath to the Interrogatories set forth below within 30 days of service hereof.

### INSTRUCTIONS AND DEFINITIONS

1.     "You" or "your" or "Unisource" shall include Defendant/Counterclaim Plaintiff Unisource Worldwide, Inc., its representatives, agents, officers, employees, parents, subsidiaries, affiliated entities, attorneys, accountants and all other persons acting for or on behalf of Unisource.

2.     "SunGard" shall include Plaintiff/Counterclaim Defendant SunGard Recovery Services LP or any other SunGard representatives, agents, officers, employees, parents, subsidiaries, affiliated entities, attorneys, accountants and all other persons acting for or on behalf of SunGard.

3.    The "Agreement" shall refer to the Recovery Services Agreement entered into by SunGard and Unisource effective October 1, 1995, and any Schedules, amendments or addenda thereto.

4.    "Document" or "documents" shall refer to any and all written, typewritten, printed, taped, photographic, graphic, electronic or digital material of any kind, (including the originals and non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise) including without limitation: (i) correspondence, memoranda, notes, diaries, statistics, letters, telegraphs, minutes agenda, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of any conversation, bulletins, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alternations, modifications, changes and amendments of any of the foregoing; (ii) graphic or manual records or representations of any kind including, without limitation, photographs, charts, graphs, microfiche, microfilm, video tapes, records, motion pictures; and (iii) electronic, mechanical or electric records or representations of any kind including, without limitation, tapes, cassettes, discs, diskettes, e-mail messages, hard-drive, voice mail messages and recordings, whether or not previously transcribed.

5.    The words "and" or "or" shall be interpreted conjunctively or disjunctively as necessary to include any and all information otherwise within the scope of any Interrogatory.

6.    "State" means to set forth fully and unambiguously every fact relevant to the Answer called for by the Interrogatory of which you, your employees, servants, agents and representatives have knowledge.

2

7.    "Identify" as applied to an individual means to state his or her name, present employment or, if not known, last employment and date thereof; his or her present address or, if not known, the last known address and date thereof; and his or her employer and job classification at the time of the events occurred which are referred to in your Answers.

8.    "Identify" as applied to a document means to state a description of the documents; the date; sender; recipient(s); the subject matter of the document; the name and address of the custodian of the document and the present whereabouts of the document or, if the document has been destroyed, the date of its destruction of the name and address of the individual who authorized such destruction.

9.    "Identify" as applied to any oral statement, conversation or other conference or communication means to:

a.    Identify the person making each statement, the person to whom each statement was made and all other persons who heard each statement; and

b.    State the date of each such statement, conversation or conference; and

c.    State the place where such statement, conversation or conference was held; or

d.    If by telephone, the person participating in the telephone call, the person making the call and the places where the persons participating in the call were located; and

e.    The substance of each statement, conversation or conference.

If you will do so without a Motion to Produce, attach or provide copies of any documents identified or referred to in the Answers to these Interrogatories.

3

10.    The Interrogatories contained herein pertain to all information (unless privileged) currently in your possession, custody or control, and include information of you, your agents, representatives, officers, employees, accountants and your attorneys.

11.    If you claim that any interrogatory is objectionable because the information sought is privileged, identify in writing:

      i.     a description of the information withheld on the grounds of privilege;

      ii.    the nature of the privilege asserted to be applicable;

     iii.   the author or source of the information; and

     iv.   the recipient(s) of the information.

If only a portion of the information is privileged, provide those portions of the information to which the asserted privilege does not apply, and follow the applicable instructions above.

12.    If you claim that any Interrogatory is objectionable for any other reason, in whole or in part, state the objection, explain its application to the particular Interrogatory, and respond to any portion of the Interrogatory to which your objection does not apply.

13.    If you exercise your right under Federal Rule of Civil Procedure 33(d) to produce business records, specify those particular documents from which requested information may be obtained.

14.    "Answer" or "Counterclaims" shall refer to the Answer, Affirmative Defenses and Counterclaims filed by Unisource in this action.

15.    Unless otherwise indicated, the time period covered by these Interrogatories runs from January 1, 1995 until the present.

## SPECIFIC INTERROGATORIES

1.      Identify each person involved in or consulted about the drafting, negotiation, design, execution or amendment of the Agreement or any Schedule, addendum or amendment thereto.

2.      In your Answer, Affirmative Defenses and Counterclaim, you allege that SunGard materially breached the Agreement. For each such material breach state the factual bases for your claim that a breach occurred; state the factual bases for your claim that the purported breach was "material"; identify each communication by you to SunGard to notify SunGard of the purported material breach; and identify each communication by SunGard in response to any notice of each purported material breach.

3.      In your Affirmative Defenses, you allege that SunGard's claims are barred by the doctrine of accord and satisfaction. With regard to this allegation, state (a) the date upon which you tendered the payment that purportedly constitutes the basis for the accord and satisfaction, (b) the date upon which SunGard purportedly accepted the payment, and state the manner and substance of the purported acceptance, and (c) the manner and substance of your notice to SunGard that such payment would constitute payment in full.

4.      With regard to your contention that SunGard has waived its claims, state for each and every claim (a) whether the purported waiver was express or implied, (b) the factual bases for your contention that a waiver occurred, (c) what actions or change in position you have taken in reliance upon the purported waiver, (d) what actions you would have taken if the purported waiver had not occurred, and (e) the factual bases for any claim that you have suffered prejudice.

5.    With regard to your contention that SunGard's claims are barred by equitable estoppel, state for each and every claim (a) the actions, statements or representations by SunGard that form the basis for the estoppel; (b) what actions or change in position you have taken in reliance upon the purported waiver, (c) what actions you would have taken if the purported action, statement or representation had not occurred, and (d) the factual bases for any claim that you have suffered prejudice.

6.    With regard to your contention that SunGard committed fraud or negligent misrepresentation/concealment, state (a) the representations made by SunGard and the facts that were misrepresented therein, (b) the bases for your contention that the representations were false, (c) who made the representations, (d) to whom the representations were made, (e) the form of the representations (written or oral, and if written, identify the method of transmittal), (f) the date on which such representations were made, (g) the bases for your contention that SunGard knew, or was reckless about the falsity of such representations, (h) what actions or change in position you have taken in reliance upon the purported representations, (i) what actions you would have taken if the purported action, statement or representation had not occurred, and (j) the factual bases for any claim that you have suffered prejudice.

7.    State the factual bases for your contention that SunGard acted intentionally, willfully, maliciously or outrageously to deceive Unisource or to conceal facts from Unisource.

8.    With regard to your contention that SunGard breached the Agreement, as alleged in ¶ 87 of your Counterclaims, state what actions you contend SunGard should have taken to "provide any reasonable level of customer services or customer contact and support so as to keep itself apprised of the status of Unisource's actual needs for services," and state the damages, harm or prejudice you have suffered as a result of SunGard's purported failure to take such actions.

9.    Identify which of the following individuals are currently employed by Unisource, including a statement of the current business address for those so employed and a last known address for those no longer employed by Unisource:  Carolle Fitzpatrick; Dale Schwartz; Phil Favia; Jack Bryant; Richard Frizzell; Jeanette Ford; Stephen Olroyd; Mark Beck; Joe Miller; Philip Armstrong; Christine Gregory; James Knight; William Hennessey; Ledell Miles; and Scott Moll.

10.    State the date upon which the original AS 400 mainframe covered by the Agreement was moved to Exton, Pennsylvania and replaced with a new AS 400 mainframe, and when you notified SunGard of this move and how you notified SunGard of this move (e.g. orally or in writing; and if in writing, identify the method of transmittal).

11.    State what happened to the documents located in St. Louis, Missouri and Itasca, Illinois referring or relating to the Agreement; state whether you ever requested any such documents from your St. Louis or Itasca offices, and state the response to any such requests.

12.    Identify any contract or other agreement you had or currently have with SunGard for the provision of disaster recovery services for your facilities.

13.    Do you contend that Unisource has never received a User's Guide or updates and revisions?  If so, state what steps you have taken to confirm that such documents were never provided to Unisource.  If not, state the dates upon which such User's Guides, updates or revisions were provided to Unisource and produce copies of all such documents.

14.    Identify each person that you expect to call as an expert witness at the trial of this matter, who will testify with respect to liability and/or damages, and with regard to each such person, state the following:

        a.    the opinions to be expressed by the witness and the basis and reasons therefor;

        b.    the data or other information considered by the witness in forming the opinions;

        c.    the qualifications of the witness, including all publications within the authored by the witness preceding ten years [sic];

        d.    the compensation to be paid for the testimony;

8

      e.     a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

15.    State the factual bases for your contention that SunGard has breached a duty of good faith and fair dealing owed to Unisource.

16.    State the factual bases for your contention that SunGard's claims are barred by Unisource's substantial performance and identify all actions of Unisource supporting such contention.

17.    State when you first informed SunGard that you wished to terminate the Agreement and how this notice was given (e.g. orally or in writing; and if in writing, identify the method of transmittal).

18.    Identify the name of any entity or individual currently providing Unisource with disaster recovery services at Unisource's St. Louis, Missouri, Itasca, Illinois, Cincinnati,

Ohio or Exton, Pennsylvania facilities, and state the date upon which provision of such services commenced.

     19.    Identify all documents in your possession reflecting, referring or relating to, and identify each person with knowledge of, the facts stated by you in your Responses to Interrogatory Nos. 1 through 18 above or the factual bases for the allegations of your Answer, Affirmative Defenses and Counterclaims.

BLANK, ROME, COMISKY & McCAULEY LLP

Dated: November 20, 2002

James T. Smith
Rebecca D. Ward
Brian S. Paszamant
One Logan Square
Philadelphia, PA 19103
Telephone:    (215) 569-5500
Facsimile:    (215) 832-5791

Attorneys for Plaintiff/Counterclaim Defendant
SunGard Recovery Services LP

## CERTIFICATE OF SERVICE

I, Brian S. Paszamant, hereby certify that on November 20, 2002 I caused a copy of SunGard Recovery Services L.P.'s First Set of Interrogatories to be served by hand delivery, upon counsel of record, addressed as follows:

> Eliot G. Long, Esquire
> BUCHANAN INGERSOLL, P.C.
> Eleven Penn Center
> 1835 Market St.-14th Fl.
> Philadelphia, PA  19103

BRIAN S. PASZAMANT

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 02 cv 3845 |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, INC., | : | |
| | : | |
| Defendant. | : | |

**UNISOURCE WORLDWIDE, INC.'S RESPONSES
TO SUNGARD RECOVERY SERVICES L.P.'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Defendant and counterclaim plaintiff Unisource Worldwide, Inc. ("Unisource") responds

to plaintiff and counterclaim defendant SunGard Recovery Service L.P.'s ("SunGard") First Set

of Requests for the Production of Documents ("SunGard's document requests") as follows.

     A.    Overall General Objections and Statements

     1.    Unisource objects to the definitions, instructions and document requests

contained in SunGard's document requests to the extent that they, either separately or in

combination, purport to require disclosure of information protected from discovery by the

attorney-client privilege or the attorney work product doctrine. Unisource further objects to

SunGard's document requests to the extent that they purport to require the disclosure of

information protected by any other applicable privilege or protection. The inadvertent disclosure

of information or documents in response to SunGard's document requests shall not constitute a

waiver of any privilege or any other ground for objecting to discovery with respect to such

information or documents or any other information or documents, or with respect to the subject

matter thereof, nor shall such inadvertent disclosure or production waive defendant's right to

object to the use of any such information or document during this action or in any subsequent action or proceeding.

2.    Unisource objects to the definitions, instructions and discovery requests contained in SunGard's document requests to the extent that they, either separately or in combination, purport to impose upon defendant obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Eastern District of Pennsylvania, the Court's personal rules, or the Court's prior Orders and directives.

3.    Unisource objects to the definitions, instructions, and discovery requests contained in SunGard's document requests to the extent that they, either separately or in combination, purport to impose upon defendant a duty to disclose (a) information or documents that is or are outside defendant's possession, custody, or control, (b) information and documents in the public domain or that otherwise are as readily available to SunGard's counsel as they are to Unisource, or (c) information or documents that are more readily available from other persons or entities.

4.    Unisource has conducted a reasonable investigation and search for information and documents responsive to SunGard's document requests, and that investigation and search continues. Unisource therefore reserves the right to assert additional objections to the disclosure of information or documents in response to SunGard's document requests and to supplement or amend its objections and responses if, as, or when appropriate. Unisource specifically reserves: (a) all objections as to the competency, relevancy, materiality and admissibility of its responses or the subject matter thereof; (b) all objections as to burden, vagueness, overbreadth and ambiguity; and (c) all rights to object on any ground to the use of

2

any response or document, or the subject matter thereof, in any subsequent proceeding, including without limitation the trial of this or any other action.

5.    Unisource 's decision to provide information or documents notwithstanding the objectionable nature of any of the definitions, instructions, or interrogatories contained in SunGard's document requests should not be construed as: (a) an admission or stipulation that the information or documents so provided is or are relevant; (b) a waiver of defendant's general objections or of the specific objections asserted in response to particular interrogatories; or (c) an agreement that defendant will treat requests for similar information in a similar manner.

6.    Unisource objects to SunGard's document requests to the extent that they, either separately or in combination, seek documents or information protected from disclosure under any confidentiality order or stipulation entered into by defendant in any past or present litigation, administrative proceeding, or government or other investigation. Unisource also objects to providing confidential, proprietary or trade secret information in response to SunGard's document requests.

7.    Unisource objects to the definitions, instructions and discovery requests contained in SunGard's document requests to the extent that they, either separately or in combination, are unreasonably burdensome, overbroad, cumulative or duplicative.

8.    Unisource objects to SunGard's document requests to the extent that they are too vague to permit a meaningful response.

9.    Unisource objects to the definitions, instructions and discovery requests contained in SunGard's document requests to the extent that they, either separately or in

3

combination, request information or documents that Unisource already has made available to SunGard or SunGard's counsel.

10. Unisource objects to the definitions, instructions and discovery requests contained in SunGard's document requests to the extent that they, either separately or in combination, request responses that would constitute conclusions of law.

11. Unisource hereby incorporates the foregoing Overall General Objections and Statements and General Objections to SunGard's Definitions into each of its responses to SunGard's document requests.

B.    General Objections to SunGard's Definitions

1. Unisource objects to the definition of "Written" contained in SunGard's document requests to the extent that SunGard demands that defendant produce originals, as opposed to copies, of the requested documents.

## RESPONSES TO DOCUMENT REQUESTS

1.    Any and all documents referring or relating to the Agreement including, but not limited to, the terms thereof, as defined above.

**RESPONSE:**  Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence.  Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource.  Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.  By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

2.    Any and all documents referring or relating to any tests conducted by Unisource under the Agreement.

**RESPONSE:**  Unisource objects to this request on the grounds that it is overbroad, that it is too vague to permit a meaningful response, that it seeks documents that are not relevant to the claim or defense of any party, that it is duplicative of Request No. 2, and that it is not reasonably calculated to lead to the discovery of admissible evidence.  Unisource further objects to this

request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Unisource's investigation is continuing and responsive documents in Unisource's possession or control, if any, will be produced.

3.    Any and all documents reflecting, referring or relating to any consideration by you to schedule or conduct tests under the Agreement.

**RESPONSE:**  Unisource objects to this request on the grounds that it is overbroad, that it is too vague to permit a meaningful response, that it seeks documents that are not relevant to the claim or defense of any party, that it is duplicative of Request Nos. 2 and 3, and that it is not reasonably calculated to lead to the discovery of admissible evidence.

4.    Any and all documents reflecting, referring or relating to any communications by you with SunGard regarding the scheduling, design or conducting of tests under the Agreement.

**RESPONSE:**  Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects

6

to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

5.    Any and all documents reflecting, referring to or relating to any communications with SunGard regarding the Agreement as defined above.

**RESPONSE**: Unisource objects to this request on the grounds that it is duplicative of Request No. 1, that it is overbroad, that it is too vague to permit a meaningful response, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

6.      Any and all documents reflecting, referring or relating to the negotiation or execution of the Agreement.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Subject to and without waiving the foregoing objections, Unisource's investigation is continuing and responsive documents in Unisource's possession or control, if any, will be produced.

7.      Any and all documents reflecting, referring or relating to Unisource's payment or non-payment of Monthly Fees under the Agreement.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's

8

investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

8.    Any and all documents referred to or mentioned in Unisource's Initial Disclosures.

**RESPONSE:** Subject to and without waiving Unisource's general objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

9.    Any and all documents reflecting, referring or relating to communications among the individuals identified in Unisource's Initial Disclosures concerning the Agreement or SunGard.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections,

responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

      10.    Any and all documents referring or relating to the Agreement or to SunGard that were created by, transmitted to, reviewed by or in the possession of the following individuals: Carolle Fitzpatrick; Dale Schwartz; Phil Favia; Jack Bryant; Richard Frizzell; Jeanette Ford; Stephen Olroyd; Mark Beck; Joe Miller; Philip Armstrong; Christine Gregory; James Knight; William Hennessey; Ledell Miles; and Scott Moll.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing, and additional responsive documents in Unisource's possession or control, if any, will be produced.

11.    Any and all documents reflecting, referring to or relating to any notice of material breach of the Agreement provided by Unisource to SunGard.

**RESPONSE:**  Unisource objects to this request on the ground that it is too vague to permit a meaningful response. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

12.    Any and all documents reflecting, referring to or relating to any opportunity provided by Unisource to SunGard to cure any purported material breach of the Agreement.

**RESPONSE:**  Unisource objects to this request on the grounds that it is overbroad, that it is too vague to permit a meaningful response, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being

produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

13.    Any and all documents reflecting, referring or relating to the AS 400 mainframe computer mentioned in ¶ 42 of your Counterclaims.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.

14.    Any and all documents reflecting, referring or relating to the "different version of the AS 400 mainframe" mentioned in ¶ 43 of your Counterclaims.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or

that are as readily available to SunGard as they are to Unisource.  Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.

15:    Any and all documents reflecting, referring or relating to the relocation of the original AS 400 mainframe to your facility in Exton, Pennsylvania.

**RESPONSE:**  Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Unisource's investigation is continuing and responsive documents in Unisource's possession or control, if any, will be produced.

16.    Any and all files, records or other documents from, transmitted to or located at your St. Louis, Missouri or Itasca, Illinois facilities referring or relating to SunGard or the Agreement.

**RESPONSE:**  Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence.  Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or

that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.

17.    Any and all documents reflecting, referring or relating to the factual bases for the allegations in ¶ 44 of your Counterclaims that Unisource had "not received any visits from a SunGard representative, nor any user's guides, updates or revisions."

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

18.    Any and all documents reflecting, referring or relating to any contract between Unisource and SunGard concerning the provision of disaster recovery services for any Unisource facility.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not

14

reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.

19.     Any and all documents reflecting, referring or relating to any contract with SunGard for your data center in Cincinnati.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.

20.    Any and all documents reflecting, referring or relating to your investigation, as alleged in ¶ 45 of your Counterclaims, regarding the Agreement or the invoices from SunGard.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

21.    Any materials, brochures, correspondence, notes, guides, manuals or other documents received by you from SunGard.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further

16

response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

22.    Any and all documents referring or relating to the factual bases for the allegations of ¶¶ 46, 47 and 48 of your Counterclaims regarding communications by William Hennessey, Scott Moll or any other Unisource representative with Robert DiBrino, Paula Moore or any other SunGard representative.

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

17

23.    Any and all documents referring or relating to the October 1999 meeting

mentioned in ¶¶ 49, 50 and 51 of your Counterclaims.

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that

already are in SunGard's possession or that are as readily available to SunGard as they are to

Unisource. Unisource further objects to this request to the extent that it seeks documents that are

subject to the attorney-client privilege or attorney work product doctrine. Subject to and without

waiving the foregoing objections, responsive documents are being produced herewith. By way

of further response, Unisource's investigation is continuing and additional responsive documents

in Unisource's possession or control, if any, will be produced.

24.    Any and all documents reflecting, referring or relating to the factual bases for the

allegation in ¶ 52 of your Counterclaim regarding SunGard's fraudulent or negligent intent.

**RESPONSE:** Subject to and without waiving Unisource's general objections,

responsive documents are being produced herewith. By way of further response, Unisource's

investigation is continuing and additional responsive documents in Unisource's possession or

control, if any, will be produced.

25.    Any and all documents reflecting, referring or relating to the conversation between William Hennessey and Paula Moore as alleged in ¶ 54 of your Counterclaim.

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

26.    Any and all documents reflecting, referring or relating to any communications from or to William Hennessey or any other representative of Unisource from or to Joe Walsh, Brenda Ring, Chris Cavanaugh, or Jennifer Jones.

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

27.    Any and all documents reflecting, referring or relating to the "repeated attempts" alleged in ¶ 58 of your Counterclaims to "secure SunGard's agreement to allow [Unisource] to prevent the alleged automatic renewal[.]"

**RESPONSE:**  Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource.  Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.  By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

28.    Any and all documents reflecting, referring or relating to the factual bases for your allegations that SunGard acted intentionally, willfully, recklessly, maliciously and/or outrageously to deceive Unisource.

**RESPONSE:**  Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource.  Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.  By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

20

29.     Any and all documents reflecting, referring or relating to any statements by SunGard that you contend constitute "misrepresentations" made to you.

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

30.     Any and all documents reflecting, referring or relating to any notice given by you to SunGard of any breach alleged in ¶ 87 of your Counterclaims.

**RESPONSE:** Unisource objects to this request on the ground that it is duplicative of Request No. 11. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

21

31.    Any and all documents reflecting, referring or relating to any notice given by you to SunGard of any other breach not specifically alleged in your Counterclaims.

**RESPONSE:**  Unisource objects to this request on the grounds that it is duplicative of Request No. 11, that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

32.    Any and all documents reflecting, referring or relating to any refusal or failure by SunGard to cure any breach for which you provided SunGard notice.

**RESPONSE:**  Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way

of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

33.    Any and all documents reflecting, referring or relating to your claimed damages including, but not limited to, your calculation of such damages.

**RESPONSE:**  Unisource objects to this request on the ground that it seeks documents that are subject to the attorney-client privilege.  Subject to and without waiving its objections, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

34.    Any documents reflecting, referring or relating to your consideration of the possibility of terminating the Agreement.

**RESPONSE:**  Unisource objects to this request on the grounds that it is overbroad, that it is too vague to permit a meaningful response, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence.  Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.

35. All internal memoranda, records or correspondence referring or relating to SunGard.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.

36. Any and all documents reflecting, referring or relating to SunGard's response to your purported termination of the Agreement.

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

24

37.    Any and all documents reflecting, reflecting or relating to the factual bases for your affirmative defense that SunGard's claims are barred by the doctrine of accord and satisfaction, including but not limited to:

    a.    Any and all documents reflecting, referring or relating to any offer by you in full satisfaction of SunGard's claim; and

    b.    Any and all documents reflecting, referring or relating to any acceptance by SunGard of such offers.

**RESPONSE:**  Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource.  Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.  By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

38.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard has waived its claims.

**RESPONSE:**  Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource.  Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.  By way

of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

39.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

40.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by SunGard's "willful interference with Unisource's ability to exercise its contractual rights."

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

41.    Any and all documents reflecting, referring to or relating; to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by SunGard's "procurement of the failure of a condition precedent."

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

42.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by SunGard's "breach of the implied duty of good faith and fair dealing."

**RESPONSE:**  Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource.  Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.  By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

43.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by the doctrine of "unclean hands."

**RESPONSE:**  Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource.  Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.  By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

44.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by your own "substantial performance."

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

45.    Any and all documents reflecting, referring to or relating to the factual bases for your allegation that SunGard's claims are barred, in whole or in part, by your timely written notice of termination.

**RESPONSE:** Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

46.    Any and all documents referring to a document retention or destruction policy at your St. Louis, Missouri, Itasca, Illinois or Exton, Pennsylvania facilities.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Unisource further objects to this request to the extent that it seeks documents that are subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

47.    Any and all documents reflecting, referring or relating to agreements by entities or individuals other than SunGard to provide disaster recovery services to your facilities in Itasca, Illinois, St. Louis, Missouri, Cincinnati, Ohio or Exton, Pennsylvania.

**RESPONSE:** Unisource objects to this request on the grounds that it is overbroad, that it seeks documents that are not relevant to the claim or defense of any party, and that it is not reasonably calculated to lead to the discovery of admissible evidence.

48.    Any and all documents reflecting, referring or relating to SunGard's awareness of Unisource's desire to terminate the Agreement, as alleged in paragraph 63 of your Counterclaims.

**RESPONSE:**  Unisource objects to this request on the ground that it is too vague to permit a meaningful response.  Unisource further objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource.  Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.  By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

49.    Any and all documents reflecting, referring or relating to SunGard's failure to "provide any reasonable level of customer service," as alleged in paragraph 87 of your Counterclaims.

**RESPONSE:**  Unisource objects to this request to the extent that it seeks documents that already are in SunGard's possession or that are as readily available to SunGard as they are to Unisource.  Subject to and without waiving the foregoing objections, responsive documents are being produced herewith.  By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

50.    All documents required to be provided pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**RESPONSE:**  As of the date of this response, Unisource has not yet identified an expert witness who will testify at the trial of this matter.

51.    All documents which you provide to an individual who is required to provide a report pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**RESPONSE:**  *See* Response to Request No. 50.

52.    All documents identified or referred to in your answers to SunGard's First Set of Interrogatories.

**RESPONSE:** Subject to and without waiving Unisource's objections to these Requests, and to the accompanying Interrogatories, responsive documents are being produced herewith. By way of further response, Unisource's investigation is continuing and additional responsive documents in Unisource's possession or control, if any, will be produced.

As to objections:

Howard D. Scher (Pa. No. 03673)
Craig D. Mills (Pa. No. 81331)
Eliot G. Long (Pa. No. 84970)
BUCHANAN INGERSOLL, P.C.
Eleven Penn Center
1835 Market – 14th Floor
Philadelphia, PA 19103
Tel.: (215) 665-8700
Fax.: (215) 665-8760

Attorneys for Defendant and
Counterclaim-Plaintiff
Unisource Worldwide, Inc.

Dated: December 20, 2002

## CERTIFICATE OF SERVICE

I, Eliot G. Long, hereby certify that, on this 20th day of December, 2002, I caused a true and correct copy of the foregoing Unisource Worldwide, Inc.'s Responses to SunGard Recovery Services L.P.'s First Set of Requests for Production to be served of the following by hand delivery:

> James T. Smith, Esquire
> Brian S. Paszamant, Esquire
> Rebecca D. Ward, Esquire
> Blank, Rome, Comisky & McCauley LLP
> One Logan Square
> Philadelphia, PA  19103
>
> Attorneys for Plaintiff/Counterclaim-Defendant
> SunGard Recovery Services L.P.

Eliot G. Long

34

**EXHIBIT D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNGARD RECOVERY SERVICES     :
L.P.,     :
    :
           Plaintiff,     :
    :       Civil Action No. 02 cv 3845
        v.     :
    :
UNISOURCE WORLDWIDE, INC.,     :
    :
         Defendant.     :

## UNISOURCE WORLDWIDE, INC.'S RESPONSES
## TO SUNGARD RECOVERY SERVICES L.P.'S
## FIRST SET OF INTERROGATORIES

Defendant and counterclaim plaintiff Unisource Worldwide, Inc. ("Unisource") responds

to plaintiff and counterclaim defendant SunGard Recovery Service L.P.'s ("SunGard") First Set

of Interrogatories ("SunGard's interrogatories") as follows.

### GENERAL OBJECTIONS

A.     <u>Overall General Objections and Statements</u>

1.     Unisource objects to the definitions, instructions and interrogatories

contained in SunGard's interrogatories to the extent that they, either separately or in

combination, purport to require disclosure of information protected from discovery by the

attorney-client privilege or the attorney work product doctrine. Unisource further objects to

SunGard's interrogatories to the extent that they purport to require the disclosure of information

protected by any other applicable privilege or protection. The inadvertent disclosure of

information or documents in response to SunGard's interrogatories shall not constitute a waiver

of any privilege or any other ground for objecting to discovery with respect to such information

or documents or any other information or documents, or with respect to the subject matter

thereof, nor shall such inadvertent disclosure or production waive Unisource's right to object to the use of any such information or document during this action or in any subsequent action or proceeding.

2.    Unisource objects to the definitions, instructions and discovery requests contained in SunGard's interrogatories to the extent that they, either separately or in combination, purport to impose upon Unisource obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Eastern District of Pennsylvania, the Court's personal rules, or the Court's prior Orders and directives.

3.    Unisource objects to the definitions, instructions, and discovery requests contained in SunGard's interrogatories to the extent that they, either separately or in combination, purport to impose upon Unisource a duty to disclose (a) information or documents that is or are outside Unisource's possession, custody, or control, (b) information and documents in the public domain or that otherwise are as readily available to plaintiff's counsel as they are to Unisource, or (c) information or documents that are more readily available from other persons or entities.

4.    Unisource has conducted a reasonable investigation and search for information and documents responsive to SunGard's interrogatories, and that investigation and search continues. Unisource therefore reserves the right to assert additional objections to the disclosure of information or documents in response to SunGard's interrogatories and to supplement or amend its objections and responses if, as, or when appropriate. Unisource specifically reserves: (a) all objections as to the competency, relevancy, materiality and admissibility of its responses or the subject matter thereof; (b) all objections as to burden,

2

vagueness, overbreadth and ambiguity; and (c) all rights to object on any ground to the use of any response or document, or the subject matter thereof, in any subsequent proceeding, including without limitation the trial of this or any other action.

5.    Unisource's decision to provide information or documents notwithstanding the objectionable nature of any of the definitions, instructions, or interrogatories contained in SunGard's interrogatories should not be construed as: (a) an admission or stipulation that the information or documents so provided is or are relevant; (b) a waiver of Unisource's general objections or of the specific objections asserted in response to particular interrogatories; or (c) an agreement that Unisource will treat requests for similar information in a similar manner.

6.    Unisource objects to SunGard's interrogatories to the extent that they, either separately or in combination, seek information protected from disclosure under any confidentiality order or stipulation entered into by Unisource in any past or present litigation, administrative proceeding, or government or other investigation. Unisource also objects to providing confidential, proprietary or trade secret information in response to SunGard's interrogatories.

7.    Unisource objects to the definitions, instructions and discovery requests contained in SunGard's interrogatories to the extent that they, either separately or in combination, are unreasonably burdensome, overbroad, cumulative or duplicative.

8.    Unisource objects to SunGard's interrogatories to the extent that they are too vague to permit a meaningful response.

9.    Unisource objects to the definitions, instructions and discovery requests contained in SunGard's interrogatories to the extent that they, either separately or in

combination, request information or documents that Unisource already has made available to SunGard or SunGard's counsel.

      10.     Unisource objects to the definitions, instructions and discovery requests contained in SunGard's interrogatories to the extent that they, either separately or in combination, request responses that would constitute conclusions of law.

      11.     Unisource hereby incorporates the foregoing Overall General Objections and Statements and General Objections to Plaintiff's Definitions into each of its responses to the Discovery Requests.

4

## RESPONSES TO INTERROGATORIES

1.    Identify each person involved in or consulted about the drafting, negotiation, design, execution or amendment of the Agreement or any Schedule, addendum or amendment thereto.

**RESPONSE:**  The persons involved in negotiating the Agreement include William Hennessey.  The persons involved in the execution of the Agreement and schedules thereto include Stephen W. Olroyd and Carolle Y. Fitzpatrick.  Unisource's investigation is continuing, and additional names will be provided as and if they are discovered.

2.    In your Answer, Affirmative Defenses and Counterclaim you allege that SunGard materially breached the Agreement.  For each such material breach state the factual bases for your claim that a breach occurred; state the factual bases for your claim that the purported breach was "material"; identify each communication by you to SunGard to notify SunGard of the purported material breach; and identify each communication by SunGard in response to any notice of each purported material breach.

**RESPONSE:**  Unisource objects to these interrogatories to the extent that they seek information that already is in SunGard's possession or that is as readily available to SunGard as it is to Unisource.  Subject to and without waiving the foregoing objections, SunGard breached the Agreement by failing to provide "current User's Guides for the Recovery Services and all applicable updates and revisions" to Unisource as required under Paragraph A.6 of the Agreement, by failing to provide a reasonable level of customer service or customer contact and

5

support, by refusing to provide Unisource with a copy of the Agreement despite repeated requests therefore, by misinforming Unisource of the renewal date for the Agreement, and by insisting on strict compliance with supposed written termination provisions whose breach, if any, was procured through SunGard's own unfair and bad faith conduct, as described in paragraphs 46 through 60 of Unisource's Answer, Affirmative Defenses and Counterclaims. Unisource's communications to SunGard of these breaches include a March 8, 2000 letter from William Hennessey to Jennifer Jones, and e-mail correspondence dated March 1, 2000, from William Hennessey to Rob Dibrino, Joe Walsh and Susan Bring, copies of which are being produced herewith.

3.    In your Affirmative Defenses, you allege that SunGard's claims are barred by the doctrine of accord and satisfaction. With regard to this allegation state (a) the date upon which you tendered the payment that purportedly constitutes the basis for the accord and satisfaction, (b) the date upon which SunGard purportedly accepted the payment, and state the manner and substance of the purported acceptance, and (c) the manner and substance of your notice to SunGard that such payment would constitute payment in full.

**RESPONSE:** Subject to and without waiving Unisource's general objections, Unisource continued to pay all invoices submitted by SunGard through September 30, 1999, after which date Unisource made it clear that it neither required nor desired any additional services under the Agreement, and SunGard accepted Unisource's payment of the invoices.

4.    With regard to your contention that SunGard has waived its claims, state for each and every claim (a) whether the purported waiver was express or implied, (b) the factual bases for your contention that a waiver occurred, (c) what actions or change in position you have taken in reliance upon the purported waiver, (d) what actions you would have taken if the purported waiver had not occurred, and (e) the factual bases for any claim that you have suffered prejudice.

**RESPONSE:** Subject to and without waiving Unisource's general objections, SunGard impliedly waived its right to insist on strict compliance with the termination provision that SunGard alleges by first promising to provide Unisource with a copy of the Agreement, which would have allowed Unisource to give notice in the manner that SunGard now purports to require, and then failing to do so. SunGard thereby acknowledged that Unisource's actual knowledge of the alleged notice provisions of the Agreement was a prerequisite to the enforcement of those alleged provisions. By then withholding from or failing to provide the Agreement to Unisource, SunGard waived its right to enforce the notice provisions on which it relies in this suit. If it had not been for SunGard's actions, Unisource would have been able to provide, and would in fact have provided, the written notice of termination that SunGard alleges was required in advance of the dates by which SunGard alleges that such written notice was due under the Agreement in order to prevent the automatic renewal that SunGard alleges.

7

5.    With regard to your contention that SunGard's claims are barred by equitable estoppel, state for each and every claim (a) the actions, statements or representations by SunGard that form the basis for the estoppel; (b) what actions or change in position you have taken in reliance upon the purported waiver, (c) what actions you would have taken if the purported action, statement or representation had not occurred, and (d) the factual bases for any claim that you have suffered prejudice.

**RESPONSE:** Subject to and without waiving Unisource's general objections, SunGard's claims are barred by estoppel because of SunGard's own inequitable conduct, which Unisource has described at length in paragraphs 46 through 90 of its Answer, Affirmative Defenses and Counterclaims. Specifically, SunGard is estopped from asserting its claims because it: (1) failed to provide Unisource with a copy of the Agreement within the time period during which it now contends that Unisource would have had to provide written notice of termination to prevent the automatic renewal that SunGard alleges, even though it knew that Unisource had been unable to locate the Agreement and was depending on SunGard to provide it, and even though SunGard had promised to provide Unisource with a copy of the Agreement; and (2) affirmatively misrepresented the dates on which schedules to the Agreement would automatically renew. If it had not been for SunGard's actions, Unisource would have been able to provide, and would in fact have provided, the written notice of termination that SunGard alleges was required in advance of the dates by which SunGard alleges that such written notice was due under the Agreement in order to prevent the automatic renewal that SunGard alleges.

8

6.    With regard to your contention that SunGard committed fraud or negligent misrepresentation/concealment, state (a) the representations made by SunGard and the facts that were misrepresented therein, (b) the bases for your contention that the representations were false, (c) who made the representations, (d) to whom the representations were made, (e) the form of the representations (written or oral, and if written, identify the method of transmittal), (f) the date on which such representations were made, (g) the bases for your contention that SunGard knew, or was reckless about the falsity of such representations, (h) what actions or change in position you have taken in reliance upon the purported representations, (i) what actions you would have taken if the purported action, statement or representation had not occurred, and (j) the factual bases for any claim that you have suffered prejudice.

**RESPONSE:** Unisource objects to interrogatories 6(g) through 6(j) on the ground that they exceed the maximum number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure. Subject to and without waiving Unisource's general objections, and in response to interrogatories 6(a) through (f), Joe Walsh, in or about December, 1999, falsely and inaccurately advised William Hennessey during a telephone conversation that the entire Agreement already had renewed for another term, effective January 1, 2000, when in fact: at least one schedule to the Agreement, Schedule A-2, was not scheduled to conclude until June 30, 2000, and written notice to prevent the automatic renewal of that schedule therefore could have provided, under the terms of the Agreement, as late as March 30, 2000; even under SunGard's incorrect reading of Schedule A-2, that schedule was not due to conclude until January 31, 2000; and Schedules B and C would not automatically renew again until August 31, 2000.

9

7.    State the factual bases for your contention that SunGard acted intentionally, willfully, maliciously or outrageously to deceive Unisource or to conceal facts from Unisource.

**RESPONSE:**  Unisource objects to this interrogatory on the ground that it exceed the maximum number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.

8.    With regard to your contention that SunGard breached the Agreement, as alleged in ¶ 87 of your Counterclaims, state what actions you contend SunGard should have taken to "provide any reasonable level of customer services or customer contact and support so as to keep itself apprised of the status of Unisource's actual needs for services," and state the damages, harm or prejudice you have suffered as a result of SunGard's purported failure to take such actions.

**RESPONSE:** Unisource objects to these interrogatories on the ground that they exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.

9.    Identify which of the following individuals are currently employed by Unisource, including a statement of the current business address for those so employed and a last known address for those no longer employed by Unisource:  Carolle Fitzpatrick; Dale Schwartz; Phil Favia; Jack Bryant; Richard Frizzell; Jeanette Ford; Stephen Olroyd; Mark Beck; Joe Miller; Philip Armstrong; Christine Gregory; James Knight; William Hennessey; Ledell Miles; and Scott Moll.

**RESPONSE:** Unisource objects to this interrogatory on the ground that it exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.

10.    State the date upon which the original AS 400 mainframe covered by the Agreement was moved to Exton, Pennsylvania and replaced with a new AS 400 mainframe, and when you notified SunGard of this move and how you notified SunGard of this move (e.g. orally or in writing; and if in writing, identify the method of transmittal).

**RESPONSE:** Unisource objects to these interrogatories on the ground that they exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.

11.    State what happened to the documents located in St Louis, Missouri and Itasca, Illinois referring or relating to the Agreement; state whether you ever requested any such documents from your St Louis or Itasca offices, and state the response to any such requests.

**RESPONSE:** Unisource objects to these interrogatories on the ground that they exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.  Unisource further objects to these interrogatories on the grounds that they are overbroad and too vague to permit a meaningful response.

12.    Identify any contract or other agreement you had or currently have with SunGard for the provision of disaster recovery services for your facilities.

**RESPONSE:** Unisource objects to this interrogatory on the ground that it exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.  Unisource further objects to this interrogatory on the grounds that it seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.  Unisource further objects to this interrogatory to the extent that it seeks information that already is in SunGard's possession or that can more readily and less burdensomely be obtained from a source other than Unisource.

13.    Do you contend that Unisource has never received a User's Guide or updates and revisions? If so, state what steps you have taken to confirm that such documents were never provided to Unisource. If not, state the dates upon which such User's Guides, updates or revisions were provided to Unisource and produce copies of all such documents.

**RESPONSE:** Unisource objects to these interrogatories on the ground that they exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.

14.    Identify each person that you expect to call as an expert witness at the trial of this matter, who will testify with respect to liability and/or damages, and with regard to each such person, state the following:

1.   the opinions to be expressed by the witness and the basis and reasons therefore;

2.   the data or other information considered by the witness in forming the opinions;

3.   the qualifications of the witness, including all publications within the authored by the witness preceding ten years [sic];

4.   the compensation to be paid for the testimony;

5.   a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

**RESPONSE:** Unisource objects to these interrogatories on the ground that they exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.  Unisource further objects to these interrogatories to the extent that they purport to require the disclosure of information beyond the scope set forth in Rules 26(a)(2) and (b)(4) of

the Federal Rules of Civil Procedure. Unisource further objects to these interrogatories to the extent that they seek information that is as readily available to SunGard as it is to Unisource.

15.   State the factual bases for your contention that SunGard has breached a duty of good faith and fair dealing owed to Unisource.

**RESPONSE:** Unisource objects to this interrogatory on the ground that it exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.

16.   State the factual bases for your contention that SunGard's claims are barred by Unisource's substantial performance and identify all actions of Unisource supporting such contention.

**RESPONSE:** Unisource objects to this interrogatory on the ground that it exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.

17.    State when you first informed SunGard that you wished to terminate the

Agreement and how this notice was given (e.g. orally or in writing; and if in writing, identify the

method of transmittal).

**RESPONSE:** Unisource objects to this interrogatory on the ground that it exceed the

number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of

Civil Procedure.

18.    Identify the name of any entity or individual currently providing Unisource with

disaster recovery services at Unisource's St. Louis, Missouri, Itasca, Illinois, Cincinnati, Ohio or

Exton, Pennsylvania facilities, and state the date upon which provision of such services

commenced.

**RESPONSE:** Unisource objects to this interrogatory on the ground that it exceed the

number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of

Civil Procedure.  Unisource further objects to this interrogatory on the ground that it seeks

information that is not relevant to the claim or defense of any party and that is not reasonably

calculated to lead to the discovery of admissible evidence.

19.    Identify all documents in your possession reflecting, referring or relating to, and identify each person with knowledge of, the facts stated by you in your Responses to Interrogatory Nos. 1 through 18 above or the factual bases for the allegations of your Answer, Affirmative Defenses and Counterclaims.

**RESPONSE:** Unisource objects to these interrogatories on the ground that they exceed the number of interrogatories, including sub-parts, permitted by Rule 33 of the Federal Rules of Civil Procedure.

As to objections:

Howard D. Scher (Pa. No. 03673)
Craig D. Mills (Pa. No. 81331)
Eliot G. Long (Pa. No. 84970)
BUCHANAN INGERSOLL, P.C.
Eleven Penn Center
1835 Market – 14th Floor
Philadelphia, PA  19103
Tel.: (215) 665-8700
Fax.: (215) 665-8760

Attorneys for Unisource and
Counterclaim-Plaintiff
Unisource Worldwide, Inc.

Dated:  December 20, 2002

16

## VERIFICATION

I, James Dallas, hereby verify that I am the Director of the Information Technology

Department of Unisource Worldwide, Inc. Pursuant to 28 § 1746, I verify under penalty of

perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on _ 12/19/02 _ .

James Dallas

**17**

## CERTIFICATE OF SERVICE

I, Eliot G. Long, hereby certify that, on this 20th day of December, 2002, I caused a true and correct copy of the foregoing Unisource Worldwide, Inc.'s Responses to SunGard Recovery Services L.P.'s First Set of Interrogatories to be served of the following by hand delivery:

James T. Smith, Esquire
Rebecca D. Ward, Esquire
Brian S. Paszamant, Esquire
Blank, Rome, Comisky & McCauley LLP
One Logan Square
Philadelphia, PA  19103

Attorneys for Plaintiff/Counterclaim-Unisource
SunGard Recovery Services L.P.


Eliot G. Long

18

**EXHIBIT E**



**BLANK ROME** LLP
COUNSELORS AT LAW

*Phone:*      *(215) 569-5791*
*Fax:*        *(215) 832-5791*
*Email:*      *paszamant@blankrome.com*

January 8, 2003

**VIA FACSIMILE and REGULAR MAIL**

Eliot G. Long, Esquire
BUCHANAN INGERSOLL
Eleven Penn Center
1835 Market St., 14th Fl.
Philadelphia, PA 19103-2985

> **Re:**   **SunGard Recovery Servs. L.P. v. Unisource Worldwide, Inc.**
> **U.S.D.C., E.D. Pa., No. 02-CV-3845(JMK).**

Dear Eliot:

I am in receipt of Unisource Worldwide, Inc.'s ("Unisource") Responses to SunGard Recovery Services L.P.'s First Request for Production of Documents ("Document Requests") and 2) First Set of Interrogatories ("Interrogatories"). Unisource's Responses are deficient in many respects as detailed below, and require supplementation.

**Document Requests**

In its Answer, Affirmative Defenses and Counterclaims (the "Answer"), Unisource contends that SunGard breached the disaster recovery services agreement between Unisouce and SunGard (the "Agreement") which forms the basis of SunGard's claims asserted in this action by, among other things, failing to conduct tests of the disaster recovery system. See Answer ¶ 44 & Count III. Yet, Unisource objects to Document Request **number 3** which seeks documentation reflecting, referring or relating to the scheduling or contemplated scheduling of tests pursuant to the Agreement, contending that this documentation is outside the scope of permissible discovery. On the contrary, this Document Request seeks documentation squarely within the scope of discovery as it directly relates to facts at issue in this action.

**BLANK ■ ROME** LLP
COUNSELORS AT LAW

Eliot G. Long, Esquire
January 8, 2003
Page 2


In its Answer, Unisource contends that SunGard breached the Agreement by, among other things, failing to keep apprised of the equipment for which Unisource required disaster recovery services. See Answer, ¶¶ 42-43 & 87. Yet, Unisource objects to Document Request **number 13** which seeks documentation reflecting, referring or relating to the AS 400 mainframe referenced in paragraph 42 of Unisource's Answer and which Unisource contends was upgraded or replaced at some point during the pendency of the Agreement, contending that this documentation is outside the scope of permissible discovery. On the contrary, this Document Request seeks documentation squarely within the scope of discovery as it directly relates to facts at issue in this action. Unisource's objection to Document Request **number 14** is misplaced for the same reason.

Document Requests **numbers 16 and 35** request documentation referring or relating to SunGard or the Agreement, two subject matters which Unisource cannot dispute lie at the heart of this action. Yet, Unisource objects to these Document Requests contending that they seek documentation outside the scope of permissible discovery. On the contrary, these Document Requests seeks documentation squarely within the scope of discovery as they directly relate to facts at issue in this action.

Document Request **number 18** requests documentation "reflecting, referring or relating to any contract between Unisource and SunGard concerning the provision of disaster recovery services for any Unisource facility." Unisource objects to this Request contending that it is outside the scope of permissible discovery. First, Unisource's contention that the requested documentation is outside the scope of permissible discovery is absurd in that this action is predicated on a contract between Unisource and SunGard.

Second, in its Answer, Unisource repeatedly contends that it was unable to locate a copy of the Agreement which lies at the heart of this action and, as such, it should not be held accountable for not abiding by the terms of such Agreement. See e.g., Answer, ¶¶ 45 & 63. In light of these assertions, SunGard is certainly entitled to discover whether Unisource possessed another contract with SunGard that it could have consulted in an effort to determine the likely terms of the Agreement. This Document Request seeks documentation squarely within the scope of discovery. Unisource's objection to Document Request **number 19** is misplaced for the same reason.

**BLANK** ■ **ROME** ᴸᴸᴾ
COUNSELORS AT LAW

Eliot G. Long, Esquire
January 8, 2003
Page 3

In its Answer, Unisource expends much ink detailing what it would have done about the Agreement, and in particular terminating the Agreement, if it only knew it terms.  See e.g., Answer, ¶¶ 74 & 82.  Yet, Unisource objects to Document Request **number 34** which seeks documentation reflecting, referring or relating to Unisource's "consideration of the possibility of terminating the Agreement," contending that the requested documentation is outside the scope of permissible discovery.  On the contrary, this Document Request seeks documentation squarely within the scope of discovery as SunGard is entitled to discover what consideration, if any, Unisource gave to terminating the Agreement – an issue expressly raised by Unisource in its Answer.

In its Answer, Unisource repeatedly contends that as of a certain date it was no longer in need of the disaster recovery services provided by SunGard pursuant to the Agreement, and wished to terminate such Agreement.  Yet, Unisource objects to Document Request **number 47** which seeks documentation reflecting, referring or relating to Unisource's agreement(s) with individuals and/or entities other than SunGard to provide disaster recovery services for Unisource's "Itasca, Illinois, St. Louis, Missouri, Cincinnati, Ohio or Exton, Pennsylvania" facilities," contending that the requested documentation is outside the scope of permissible discovery.  On the contrary, this Document Request seeks documentation squarely within the scope of discovery as SunGard is entitled to discover when, and if, the services that SunGard was providing Unisource pursuant to the Agreement became redundant of services provided by some other individual or entity, thus potentially shedding light on Unisource's claim that it no longer required the services provided by SunGard pursuant to the Agreement.

Lastly, throughout its answers to SunGard's Document Requests, Unisource advises that "[s]ubject to and without waiver of the foregoing objections . . ." Unisouce has produced or will produce responsive documentation.  Please advise whether this statement indicates that Unisource has withheld or intends to withhold documentation other than that protected by the attorney-client privilege or which constitutes work product.

**Interrogatories**

Unisource has objected to Interrogatories 7 through 19 contending that these Interrogatories exceed the numerical limitations imposed by Rule 33 of the Federal Rules of Civil Procedure.  Unisource's objection is misplaced.  First, SunGard has served 19



BLANK ROME LLP

COUNSELORS AT LAW

Eliot G. Long, Esquire
January 8, 2003
Page 4

interrogatories, a number well below the limitation imposed by Rule 33.  Second, when quantifying the number of interrogatories for purposes of Rule 33, courts interpreting Rule 33 have consistently drawn a distinction between an interrogatory's "discrete" subparts and those subparts which are merely follow-up or clarifying items.  See e.g., New Park Enter. L.L.C. v. Electric Factory Concerts, Inc., No. Civ. A. 98-775, 2000 WL 62315, *4 (E.D. Pa. Jan. 13, 2000).  A review of SunGard's Interrogatories clearly establishes that the subparts to SunGard's Interrogatories are in the nature of follow-up or clarifying items and thus, are not counted toward the limitation imposed by Rule 33.

Kindly supplement Unisource's discovery to SunGard's Document Requests and Interrogatories identified above by no later than January 14, 2003.  Further, please be advised that if I do not receive adequate supplementation by January 14, 2003, I will be left with no choice but to seek the Court's intervention.

Very truly yours,

BRIAN S. PASZAMANT

cc:     James T. Smith, Esquire

**EXHIBIT F**

# Buchanan Ingersoll
ATTORNEYS

Eliot G. Long
(215) 665-3829
longeg@bipc.com

PRINCIPAL LOCATIONS

PHILADELPHIA
PITTSBURGH
PRINCETON
LONDON
MIAMI
BUFFALO
NEW YORK CITY
HARRISBURG
TAMPA
WASHINGTON, DC
WILMINGTON
SAN DIEGO

January 13, 2003

**Via Facsimile and Regular Mail**

Brian S. Paszamant, Esquire
Blank Rome LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103-6998

Re:    ***SunGard Recovery Services L.P. v. Unisource Worldwide, Inc.,
E.D. Pa. No. 02 cv 3845***

Dear Brian:

      I am writing in response to your letter of January 8, 2003, regarding Unisource Worldwide, Inc.'s ("Unisource") responses to SunGard Recovery Services, L.P.'s ("SunGard") first set of discovery requests. I will address your points in order.

      <u>Document Request No. 3</u>: Unisource stands on its objections. SunGard's use of the word "consideration" renders this document request fatally ambiguous. In any event, this request is duplicative of Document Request No. 2, in response to which Unisource has agreed to produce responsive documents. Thus, this document request does not appear to present a material dispute.

      <u>Document Request Nos. 13 and 14</u>: Unisource stands on its objections. Your attempt to explain how these requests seek relevant information distorts Unisource's claims and defenses, and these requests are grossly overbroad. Document Request No. 13 seeks "[a]ny and all documents reflecting, referring or relating to the AS 400 mainframe computer mentioned in ¶ 42 of [Unisource's] Counterclaims." Similarly, Document Request No. 14 seeks "[a]ny and all documents reflecting, referring or relating to the 'different version of the AS 400 mainframe' mentioned in ¶ 43 of [Unisource's] Counterclaims." Obviously, these document requests (unlimited as to subject matter) encompass many categories of documents that have no conceivable relevance to any of the claims or defenses at issue in this case. Unisource has alleged merely that that, by September, 1999, it had moved the AS 400 mainframe to a facility in Pennsylvania and had begun using a different version of the AS 400 mainframe than was covered under the parties' agreement. Many of the categories of documents that fall within these requests, however, (such as, for example, original purchase agreements, maintenance records, etc.) bear no conceivable relation to that issue. If you care to propound a more focused document request, then Unisource will serve an appropriate response.

P R O F E S S I O N A L   C O R P O R A T I O N

Eleven Penn Center,14th Floor, 1835 Market Street, Philadelphia, PA 19103-2985 | T: 215 665 8700  F: 215 665 8760 | www.bipc.com

January 13, 2003
Page - 2 -

      <u>Document Requests Nos. 16 and 35</u>: Unisource stands on its objections. In particular, these requests are overbroad, in that they seek (again, for unlimited subjects) "any and all" documents "referring or relating to SunGard or the Agreement." Although this case has been brought by SunGard and does involve a dispute under the Agreement, a blanket request for "any and all" documents referring or relating to SunGard or the Agreement encompasses many categories of documents that are irrelevant to the claims and defenses at issue in this litigation, and is not a proper substitute for specific, focused requests that are designed to target only potentially relevant information. If SunGard wishes to serve such requests, then Unisource will consider them.

      <u>Document Request Nos. 18 and 19</u>: Unisource stands on its objections. In particular, these requests seeks information that is completely irrelevant to this litigation. These requests seek documents reflecting, referring or relating to any contracts that Unisource might have had with SunGard *other than* the Agreement that is at issue in this case. The parties' dispute concerns only the Agreement as defined in the pleadings, and has nothing whatever to do with any other contract that may have existed between the parties. Your argument that "SunGard is certainly entitled to discover whether Unisource possessed another contract with SunGard that it could have consulted in an effort to determine the likely terms of the Agreement" tacitly concedes that the only relevant terms are those contained in the Agreement at issue, but does not explain how or why you believe that *other* contracts might disclose the "likely" terms of the Agreement at issue here. The only relevant contractual terms are those contained in the Agreement, and Unisource will not produce "any and all" documents "reflecting, referring or relating" to any other contract.

      <u>Unisource's agreement to produce documents</u>: You ask whether Unisource's agreement to produce any additional responsive documents that it may uncover during its continuing investigation means that Unisource is "withholding" documents. It does not. As Unisource's responses make clear, its investigation is continuing and it will produce any documents that are responsive to the non-objectionable document requests if and when it locates such documents. Unisource notes that it already has produced over two hundred pages of documents that it already has located.

      <u>Interrogatories</u>: Unisource stands on its objections. Rule 33(a) of the Federal Rules of Civil Procedure expressly provides that "any party may serve upon any other party written interrogatories, not exceeding 25 in number *including all discrete subparts*. . . ." FED. R. CIV. P. 33(a) (emphasis added). The discrete subparts contained in SunGard's numbered interrogatories are not, as you assert, merely "subsidiary instructions" or "follow-up, clarifying" items, but instead seek separate, discrete categories of information. For example, the interrogatories that you have numbered as "Interrogatory No. 6" seek several distinct categories of information that stand alone and are not necessarily related to any common

January 13, 2003
Page - 3 -

theme.  Thus, each discrete subpart constitutes a separate interrogatory under Rule 33(a).
*See, e.g., Williams v. Bd. Of County Comm'rs of the Unified Gvt. Of Wyandotte County and
Kansas City, Kansas,* 192 F.R.D. 698, 701-02 (D. Kan. 2000).  Accordingly, the
interrogatory that you have numbered "6(f)" is in fact SunGard's twenty-fifth interrogatory,
and Unisource is not obligated to answer any further interrogatories.

I trust that this letter makes Unisource's position sufficiently clear.  Again, if
SunGard were to serve more specific document requests as described above, then Unisource
would serve appropriate responses.

Very truly yours,

Eliot G. Long

## CERTIFICATE OF SERVICE

I, Brian S. Paszamant, hereby certify that on January 24, 2003, I caused a copy of Plaintiff/Counterclaim-Defendant SunGard Recovery Services L.P.'s Motion to Compel Discovery from Defendant/Counterclaim-Plaintiff Unisource Worldwide, Inc. Pursuant to Rule 26.1 of the Local Rules of Civil Procedure, with associated Memorandum of Law, exhibits and Good Faith Certification Pursuant to Local Rule 26.1(F) to be served by hand delivery upon counsel of record, addressed as follows:

Eliot G. Long, Esquire
BUCHANAN INGERSOLL, P.C.
Eleven Penn Center
1835 Market St.-14th Fl.
Philadelphia, PA  19103


BRIAN S. PASZAMANT