**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUNGARD RECOVERY SERVICES L.P., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 02 cv 3845 |
| v. | : | |
| | : | |
| UNISOURCE WORLDWIDE, INC., | : | |
| | : | |
| Defendant. | : | |

**UNISOURCE WORLDWIDE, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO
SUNGARD RECOVERY SERVICES, L.P.'S MOTION TO COMPEL DISCOVERY**

Unisource Worldwide, Inc. ("Unisource") respectfully submits this memorandum of law in opposition to SunGard Recovery Services, L.P.'s ("SunGard") motion to compel Unisource to provide additional discovery responses.

## I.    INTRODUCTION

On December 20, 2002, Unisource served its responses to SunGard's First Set of Interrogatories and First Set of Document Requests, provided SunGard with a detailed privilege log, and produced to SunGard almost 300 pages of documents. Because several of SunGard's discovery requests were overbroad, duplicative, and sought irrelevant information, and because SunGard had served more than the 25 interrogatories permitted by Rule 33, Unisource, in addition to providing documents and information, lodged appropriate objections.

When SunGard later complained that Unisource's responses were deficient, Unisource replied by letter in which it explained the rationale for its objections and expressly invited SunGard to propound supplemental document requests, to which Unisource promised to respond. SunGard, instead of doing so or even replying to Unisource's letter, filed the instant motion.

Thus, although SunGard accuses Unisource of "stonewalling" and failing to comply with its discovery obligations, it is in fact SunGard that is seeking to harass Unisource by serving overbroad requests that seek irrelevant information, propounding a greater number of interrogatories than allowed by Rule 33, and failing to make a good-faith effort to resolve this dispute by its refusal even to address Unisource's offer to consider rephrased discovery requests. Unisource has fully and adequately responded to SunGard's discovery requests, and SunGard is not entitled to anything further. Accordingly, SunGard's motion should be denied.

## II.    FACTUAL BACKGROUND

### A.    The Parties' Allegations

In its Complaint, SunGard alleges that Unisource breached a contract for the provision of computer data recovery services (the "Agreement") by failing to pay monthly charges due under the Agreement. *See* Compl. ¶¶ 19-20. According to SunGard, Unisource sought to cancel the Agreement after it already had automatically renewed, and then stopped making payments after SunGard refused to accept Unisource's cancellation. *See id.* ¶¶ 17-20.

Unisource, on the other hand, contends that it terminated the Agreement *before* the Agreement automatically renewed, that its termination was timely, and that it therefore is not obligated to make the post-termination payments that SunGard demands. *See* Answer, Affirmative Defenses and Counterclaims ("Answer") ¶ 20. Unisource also has brought counterclaims for fraud, negligent misrepresentation and breach of contract. *See id.* ¶¶ 61-90. In its counterclaims, Unisource alleges that it no longer required the services that SunGard was supposed to provide under the Agreement because Unisource had moved the AS 400 mainframe that was the subject of the Agreement from the facility that was covered by the Agreement. *See id.* at ¶ 43. Thus, Unisource wanted to terminate the Agreement, but was unable to locate a copy

2

of the Agreement in order to determine how to do so.  *See id.* ¶ 45.  Accordingly, Unisource repeatedly requested that SunGard provide it with a copy of the Agreement, but SunGard, despite promising that it would, refused to do so – and in fact affirmatively misrepresented the Agreement's automatic renewal date – until after the date on which SunGard alleges the Agreement already had automatically renewed.  *See id.* ¶¶ 46-57.  Unisource also alleges that SunGard itself breached the Agreement by failing to provide user's guides and failing to provide a reasonable level of customer service.  *See id.* ¶ 87.

**B.    SunGard's Discovery Requests**

SunGard served its discovery requests – consisting of 52 requests for the production of documents and 19 numbered interrogatories that in fact contain 72 discrete subparts – on November 20, 2002.  Unisource timely served its responses, and produced a detailed privilege log and almost 300 pages of documents, on December 20, 2002.

On January 8, 2003, SunGard's counsel sent counsel for Unisource the letter attached as Exhibit "E" to SunGard's brief.  In that letter, SunGard's counsel asserted that Unisource's responses were deficient in several respects, and threatened to file a motion to compel six days later if Unisource refused to accede to his demands.  *See* SunGard Br., Ex. E.  Unisource's counsel responded by letter dated January 13, 2003, which is attached to SunGard's brief as Exhibit "F."  In that letter, counsel for Unisource explained the rationale behind Unisource's objections.  In a good-faith attempt to resolve the dispute without involving the Court, counsel for Unisource also expressly invited SunGard to serve more focused requests and promised that Unisource would respond to such requests.  *See id.*, Ex. F.  SunGard's counsel, however, responded neither to Unisource's invitation nor to the issues raised in Unisource's letter, but instead filed the instant motion the following week.

III.    **ARGUMENT**

A.    **SunGard's Motion Should Be Denied Because SunGard's Counsel Have Not Made A Good-Faith Effort To Resolve This Discovery Dispute**

SunGard's motion should be denied outright because SunGard's counsel have failed to comply with Rule 37 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of Civil Procedure. Both rules provide that a party, before filing a motion seeking to compel discovery, must confer with the other side in "good faith" in an attempt to resolve the discovery dispute. *See* FED. R. CIV. P. 37(a)(2); E.D. PA. LOCAL R. 26.1(f).

Although SunGard's counsel have attached to their motion an "Attorney Certification of Good Faith," the correspondence attached as Exhibits E and F to SunGard's brief show that SunGard's counsel have in fact *not* made a good-faith effort to resolve this dispute. SunGard's counsel sent Unisource's counsel a letter complaining of certain alleged deficiencies in Unisource's discovery responses. *See* SunGard Br., Ex. E. In response, counsel for Unisource explained the bases for their objections and expressly invited SunGard's counsel to clarify their requests and serve supplemental requests. *See id.*, Ex. F. In addition, Unisource's counsel expressly promised to serve appropriate responses to any such supplemental requests. *See id.* Instead of responding to Unisource's invitation, replying to Unisource's letter, or even contacting Unisource's counsel, however, SunGard filed the instant motion.

Under these circumstances, and despite their certification, SunGard's counsel have not attempted to resolve this dispute in good faith. *Kirschbaum v. WRGSB Assocs.*, No. Civ. A. 97-CV-5532, 1998 WL 321273, at *2 (E.D. Pa. June 18, 1998) ("One letter, demanding that an opponent withdraw their discovery request, is not a 'reasonable effort' to resolve a discovery dispute."); *Pioneer Liemel Fabrics, Inc. v. Paul Rothman Indus., Ltd.*, Civ. A. No. 87-2581, 1988 WL 36343, at *1 (E.D. Pa. April 18, 1988) ("A mere exchange of letters . . . is inadequate to

satisfy [former] Local Rule 24(f) [now Local Rule 26.1(f)]."). *See also DiSantis v. Koolvent Aluminum Prods., Inc.*, No. Civ. A. 97-5434, 1998 WL 472753, at *1 (E.D. Pa. Aug. 12, 1998) (denying a plaintiff's motion to compel where "[d]efendant's counsel . . . has presented evidence of correspondence between counsel to show that he attempted to resolve the dispute but was unable to settle the matter because plaintiff's counsel did not make a reciprocal effort").

Accordingly, SunGard's motion should be denied for its counsel's failure to make a good-faith effort to resolve this dispute before filing this motion.

### B. Unisource's Objections To SunGard's Document Requests Are Well-Founded

SunGard's motion also should be denied on the merits. Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." FED. R. CIV. P. 26(b). Although this standard has been described as "broad," it does not allow for *unlimited* discovery. Instead, as SunGard concedes, discovery must be "relevant to the subject matter of the litigation." SunGard's Br. at 4 (quoting *Katz v. Verizon Comms., Inc.*, No. Civ. A. 01-5627, 2002 WL 31356302, at *1 (E.D. Pa. Oct. 16, 2002)). As this Court has explained:

> While the scope of discovery under [Rule 26] is broad, it is far from unlimited. This rule requires the District Court, when considering a motion to compel, to determine whether the material sought is relevant to the "subject matter of the litigation." The [C]ourt must prevent discovery from being used as a fishing expedition.

*Katz*, 2002 WL 31356302, at *1 (citation omitted). Moreover, "[t]he party seeking the discovery has the burden of *clearly showing* the relevancy of the information sought." *Miller v. Hygrade Food Prods. Corp.*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000) (emphasis added). *See also McCrane v. Marconi Med. Sys., Inc.*, No. Civ. A. 01-1518, 2002 WL 485471, at *3 (E.D. Pa. March 28, 2002) (McGirr Kelly, J.) (same).

As explained below, SunGard has not done so here. SunGard argues that Unisource should be compelled to respond to Document Request Nos. 3, 13, 14, 16, 18, 19, 35, 35 and 47 of SunGard's document requests. Because those requests, in addition to other deficiencies, seek information that is irrelevant to this case, and appear designed merely to harass Unisource or to satisfy SunGard's curiosity, Unisource should not be compelled to provide any further responses. Unisource will address each of these requests in order.

1.    Document Request No. 3

Document Request No. 3 seeks "[a]ny and all documents reflecting, referring or relating to any consideration by you to schedule or conduct tests under the Agreement." SunGard Br., Ex. A at 4. Unisource objected to this request on the grounds that (1) it is duplicative of Document Request No. 2, which seeks "[a]ny and all documents referring or relating to any tests conducted by Unisource under the Agreement," and in response to which Unisource has agreed to produce responsive documents, *see* SunGard Br., Ex. C at 5-6, and (2) that the request is ambiguous, *see id*. Unisource explained as much in its January 13, 2002, letter to SunGard's counsel, *see* SunGard Br., Ex. F at 1, and explained that SunGard's use of the word "consideration" rendered the request fatally ambiguous, "consideration" having a variety of legal and factual connotations. Thus, this document request is both duplicative of an earlier request and fatally ambiguous, and Unisource should not be compelled to answer it.

2.    Document Requests Nos. 13 and 14

Document Requests Nos. 13 and 14 seek, respectively, "[a]ny and all documents reflecting, referring or relating to the AS 400 mainframe computer mentioned in ¶ 42 of [Unisource's] Counterclaims" and "[a]ny and all documents reflecting, referring or relating to

the relocation of the original AS 400 mainframe to [Unisource's] facility in Exton,

Pennsylvania." SunGard Br., Ex. A at 5.

These requests are grossly overbroad and purport seek categories of documents that have

no conceivable relevance to the claims or defenses involved in this litigation. Unisource has

alleged that, as of September, 1999, it moved the AS 400 mainframe computer that was covered

by the Agreement from its St. Louis, Missouri facility to a facility located in Exton,

Pennsylvania, that it had begun using a different version of the AS 400 mainframe in its St.

Louis facility, and that it therefore no longer had any need for SunGard's services at its St. Louis

or Itasca, Illinois facilities as of that date. *See* Counterclaims ¶¶ 42-43. These allegations do not

entitle SunGard to "any and all documents reflecting, referring or relating to the AS 400

mainframe." That request clearly purports to sweep up many categories of documents that have

nothing to do with either parties' allegations. For example, documents referring or relating to

Unisource's decision to purchase the mainframe or the maintenance of the mainframe have

nothing whatsoever to do with Unisource's allegations, yet are all within the scope of SunGard's

document request. For this reason, Unisource invited SunGard in its January 13 letter to

propound a more focused request, *see* SunGard Br., Ex. F at 1. SunGard declined to do so, and

instead filed this motion.

SunGard nevertheless argues that it is entitled to all of this information because

"Unisource contends that SunGard breached the Agreement by, among other things, failing to

keep apprised of the equipment for which Unisource required disaster recovery services."

SunGard Br. At 5. SunGard neglects to explain, however, how it believes that this allegation

entitles it to *every* document having *anything* to do with the AS 400 mainframe. Clearly, it does

not.  Because that is what a response to this document request would entail, Unisource should not be required to provide one.

       3.    <u>Document Requests Nos. 16 and 35</u>

Document Request Nos. 16 and 35 seek, respectively, "[a]ny and all files, records or other documents from, transmitted to or located at your St. Louis, Missouri, or Itasca, Illinois facilities referring or relating to SunGard or the Agreement" and "[a]ll internal memoranda, records or correspondence referring or relating to SunGard."  SunGard Br., Ex. A at 5, 8.  These requests too are grossly overbroad.

Serving a request for "any and all" documents having anything at all to do with a litigant or a contract at issue is not a proper substitute for specific, focused requests designed to elicit relevant, discoverable information.  The scope of discovery under Rule 26 may be broad, but it is not so broad as that.  In its January 13 letter to SunGard, Unisource acknowledged that certain issues concerning SunGard and the Agreement were raised in this litigation and again offered to consider a more focused request if SunGard chose to serve one.  SunGard Br., Ex. F at 3.  Once again, however, SunGard declined to do so and decided instead to file this motion, which in effect attempts to shift its own burden to fashion proper discovery requests onto the Court itself.

SunGard argues that it is entitled to "any and all documents" concerning SunGard and the Agreement because "Unisource contends that it is [sic] has no liability to SunGard because Unisource could not locate a copy of the Agreement and as such, did not know its terms; SunGard knew Unisource could not locate a copy of the Agreement; and SunGard failed to provide Unisource with a copy of such Agreement."  SunGard Br. at 6.  Yet SunGard has propounded document requests addressed to these specific issues, and Unisource has agreed to

provide responsive documents. *See, e.g.*, Document Request No. 5 ("[a]ny and all documents reflecting, referring or relating to any communication with SunGard regarding the Agreement"); Document Request No. 6 ("[a]ny and all documents reflecting, referring or relating to the negotiation or execution of the Agreement"); Document Request No. 22 ("[a]ny and all documents referring or relating to the factual bases for the allegation of ¶¶ 46, 47 and 48 of your Counterclaims"). Moreover, SunGard's argument is moot because, despite the objectionable character of the request, Unisource *has agreed* to produce "[a]ny and all documents referring or relating to the Agreement including, but not limited to, the terms thereof . . . ." SunGard Br., Ex. C at 5.

Although SunGard apparently believes it is entitled to something more, it has failed (either in its brief or in response to Unisource's express invitation) to clarify what more it is seeking, much less to carry its burden of "clearly showing" the relevance of whatever additional information it is seeking. Because SunGard is *not* entitled to anything more, Unisource should not be compelled to respond to these document requests.

  4. <u>Document Requests Nos. 18 and 19</u>

Document Requests Nos. 18 and 19 seek, respectively, "[a]ny and all documents reflecting, referring or relating to any contract between Unisource and SunGard concerning the provision of disaster recovery services for any Unisource facility" and "[a]ny and all documents reflecting, referring or relating to any contract with SunGard for [Unisource's] data center in Cincinnati." SunGard Br., Ex. A at 6. Any agreement other than the one at issue in this litigation, however, is completely irrelevant.

SunGard argues that these requests seek relevant information because "Unisource's contentions necessitate that SunGard be entitled to discover whether Unisource was party to

*other* disaster recovery agreements with SunGard that it could or should have consulted in an effort to apprise itself of the terms of the Agreement *at issue in this action*." SunGard Br. at 7 (emphasis added). The only contract at issue in this litigation, however, is the Agreement itself, and SunGard fails to explain how Unisource could have "apprised itself" of the terms of that Agreement by consulting some *other* agreement. SunGard alleges that Unisource has breached the terms of the Agreement, and Unisource alleges both that it has not breached those terms and that, even if it had, such breach is excused by SunGard's failure to provide Unisource with a copy of the Agreement on request. *See, e.g.*, Compl. ¶¶ 19-20; Counterclaims ¶¶ 20, 52, 89. Thus, the terms of any *other* contracts that parties may have had are (in addition to presumably being as readily available to SunGard as to Unisource) completely irrelevant to this case, and Unisource should not be required to provide them.

     5.    Document Request No. 34

Document Request No. 34 seeks "[a]ny documents reflecting, referring or relating to [Unisource's] consideration of the possibility of terminating the Agreement." SunGard Br., Ex. A at 7.

The phrase "consideration of the possibility of terminating the Agreement" renders this document request both overbroad and fatally ambiguous. In addition, this request too is duplicative of earlier requests because any relevant documents that might be within its scope are already requested by Document Request No. 1 ("[a]ny and all documents referring or relating to the Agreement including, but not limited to, the terms thereof . . . ."), in response to which Unisource already has agreed to produce all responsive documents. SunGard Br., Ex. C at 5.

6.      Document Request No. 47

Finally, Document Request No. 47 seeks "[a]ny and all documents reflecting, referring or relating to agreements by entities or individuals other than SunGard to provide disaster recovery services to [Unisource's] facilities in Itasca, Illinois, St. Louis, Missouri, Cincinnati, Ohio or Exton, Pennsylvania."  SunGard Br., Ex. A at 9.

Again, the only contract at issue in this litigation is the Agreement itself, and nothing in either party's claims or defenses places in issue contracts between Unisource and any third party. SunGard argues that this request "has the potential of shedding light on Unisource's claim that it no longer required the services provided by SunGard pursuant to the Agreement" because SunGard is "entitled to discover when, and if, the services that SunGard was providing Unisource pursuant to the Agreement became redundant of services provided by some other individual or entity."  SunGard Br. at 8.  But that is not Unisource's claim.  Instead, Unisource has alleged that it no longer required the services that SunGard was supposed to provide under the Agreement because it moved the AS 400 mainframe from St. Louis, Missouri to Exton, Pennsylvania, not because those services became "redundant" of those provided by some third party, and the information that SunGard seeks has absolutely no bearing on that claim.  *See* Counterclaim ¶ 43.  SunGard should not permitted to mischaracterize Unisource's claims in an attempt to discover contracts between Unisource and third parties – information that, although SunGard may find interesting for its own business purposes, has nothing whatsoever to do with this case.

**C.    SunGard's Interrogatories, Including Subparts, Exceed The 25 Interrogatories Permitted By Rule 33**

Rule 33 of the Federal Rules of Civil Procedure provides that "any party may serve upon any other party written interrogatories, not exceeding 25 in number *including all discrete subparts . . . .*" FED. R. CIV. P. 33(a) (emphasis added).  If a party wishes to serve more than 25 interrogatories, it must seek leave of Court.  *See id.*  "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."  *Id.* Advisory Committee Note, 1993 Amendments.

That, however, is precisely what SunGard is attempting to do here.  The discrete subparts contained in SunGard's interrogatories total 72, far in excess of the permissible 25, and SunGard did not seek leave of Court to serve its additional interrogatories.  Accordingly, Unisource responded to SunGard's first 25 interrogatories and objected to the remainder on the basis that they exceed the number permitted by Rule 33.[1]

SunGard now seeks to compel Unisource to answer all 72 of its discrete interrogatories, and argues that *all* of the discrete subparts contained in its numbered interrogatories are merely "subsidiary instructions" that do not seek discrete categories of information.  SunGard Br. at 9. Those subparts, however, should in fact be counted as discrete interrogatories.  The very case that SunGard cites in its brief holds that subparts are discrete interrogatories when the subparts could "stand alone" and are "independent" of the first question.  SunGard Br. at 9 (quoting *Nyfield v. Virgin Islands Tel. Corp*, 200 F.R.D. 246, 247-48 (D.V.I. 2001)).  An examination of

---

[1]    Unisource has raised other objections to the interrogatories that SunGard has numbered 11, 12, 14 and 18, but SunGard has neither sought to confer with Unisource regarding those objections nor addressed them in its brief. Accordingly, because SunGard bears the burden of justifying its discovery requests, *see McCrane v. Marconi Med. Sys., Inc.*, No. Civ. A. 01-1518, 2002 WL 485471, at *3 (E.D. Pa. March 28, 2002) (McGirr Kelly, J.), the Court should not order Unisource to respond to these interrogatories even if it concludes that some of the discrete subparts in SunGard's interrogatories should not be counted as separate interrogatories for purposes of the numerical limitation imposed by Rule 33.

SunGard's interrogatories reveals that the majority of them consist of several discrete, factual inquiries that could – and should – stand on their own, and that total far more than the 25 interrogatories permitted by Rule 33..

The interrogatories that SunGard has numbered as "Interrogatory 3," for example (which is the only numbered interrogatory that SunGard discusses in its brief, and which Unisource answered in full), reads:

> In your Affirmative Defenses, you allege that SunGard's claims are barred by the doctrine of accord and satisfaction. With regard to this allegation, state (a) the date on which you tendered the payment that purportedly constitutes the basis for the accord and satisfaction, (b) the date upon which SunGard purportedly accepted the payment, and state the manner and substance of the purported acceptance, and (c) the manner and substance of your notice to SunGard that such payment would constitute payment in full.

SunGard Br., Ex. B at 5. As is apparent from this numbered interrogatory, SunGard has attempted to lump together every discrete, factual inquiry that it believes is relevant to a particular legal issue, and this numbered interrogatory in fact consists of four discrete subparts inquiring into (1) the date of payment, (2) the date of acceptance of the payment, (3) the "manner and substance" of the acceptance, and (4) the "manner and substance" of Unisource's notice that its payment would constitute payment in full.

Other courts have recognized that discrete factual inquiries, even if related to a common legal issue, constitute separate interrogatories for purposes of Rule 33's numerical limitation. *See, e.g.*, *Nyfield*, 200 F.R.D. at 247 (holding that an interrogatory with two subparts "constitutes two interrogatories" because "[o]ne inquires concerning the reason for elimination of Plaintiff's position and the other concerns those persons who were involved in the decision making process"); *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 686 (D. Nev. 1997) ("While

both questions may be related to the issue of Plaintiff's claims for damages, they are separate and distinct questions which require separate calculations.").

The Advisory Committee Note to Rule 33 itself provides an example of the acceptable use of subparts in interrogatories: "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." FED. R. CIV. P. 33 Advisory Committee Note, 1993 Amendments. As is clear from this example, the Advisory Committee was of the opinion that subsidiary instructions or follow-up questions in relation to a common *factual* issue might be permissible. In "Interrogatory 3," however, SunGard lumps together several discrete factual inquiries in relation to a common *legal* issue. If such wholesale use of subparts were permissible, it would render the 25-interrogatory limitation meaningless.

SunGard's other numbered interrogatories follow the same pattern. "Interrogatory 4," for example, reads:

> With regard to your contention that SunGard has waived its claims, state for each and every claim (a) whether the purported waiver was express or implied, (b) the factual bases for your contention that a waiver occurred, (c) what actions or change in position you have taken in reliance upon the purported waiver, (d) what actions you would have taken if the purported waiver had not occurred, and (e) the factual bases for any claim that you have suffered prejudice.

SunGard Br., Ex. B at 5. Again, SunGard seeks in this numbered interrogatory multiple discrete types of information that it apparently believes are relevant to a certain legal issue. Because the subparts contained in this "interrogatory" seek discrete categories of information, and because each could stand alone as an independent question, each should be counted as a separate interrogatory under Rule 33.

In sum, the interrogatories that SunGard has propounded exceed the 25-interrogatory limit imposed by Rule 33. Unisource has answered (apparently to SunGard's satisfaction) the

first 25 of those discrete subpart/interrogatories.  Thus, Unisource should not be compelled to respond to any of SunGard's remaining interrogatories as propounded, and SunGard's motion to compel Unisource to do so should be denied.  *See Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (denying motion to compel answers to interrogatories as propounded where a "summary review" of the interrogatories revealed that their subparts exceeded the maximum number of interrogatories allowed under a scheduling order).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Unisource respectfully requests that SunGard's motion be denied.

/s/ Eliot G. Long
Howard D. Scher (Pa. No. 03673)
Craig D. Mills (Pa. No. 81331)
Eliot G. Long (Pa. No. 84970)
BUCHANAN INGERSOLL, P.C.
Eleven Penn Center
1835 Market – 14th Floor
Philadelphia, PA  19103
Tel.:  (215) 665-8700
Fax.: (215) 665-8760

Attorneys for Unisource and
Counterclaim-SunGard
Unisource Worldwide, Inc.

Dated:  February 21, 2003

## CERTIFICATE OF SERVICE

I, Eliot G. Long, hereby certify that this document has been filed electronically and is available for viewing and downloading on the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania.  I further certify that, on this 21st day of February, 2003, I caused a true and correct copy of the foregoing Unisource Worldwide, Inc.'s Memorandum of Law in Opposition to SunGard Recovery Services, L.P.'s Motion to Compel Discovery to be served of the following by hand delivery:

Brian S. Paszamant, Esquire
Blank, Rome, Comisky & McCauley LLP
One Logan Square
Philadelphia, PA  19103

Attorneys for SunGard/Counterclaim-Defendant
SunGard Recovery Services L.P.

/s/ Eliot G. Long
Eliot G. Long