# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD RECOVERY SERVICES L.P.,   : | |
|                             : | |
|   Plaintiff/Counterclaim-Defendant,   : | |
|                             : | Civil Action No. 02-3845 (JMK) |
|      v.                                 : | |
|                             : | |
| UNISOURCE WORLDWIDE, INC.,       : | |
|                             : | |
|   Defendant/Counterclaim-Plaintiff.   : | |

## REPLY IN FURTHER SUPPORT OF PLAINTIFF/COUNTERCLAIM-DEFENDANT SUNGARD RECOVERY SERVICES L.P'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT/COUNTERCLAIM-PLAINTIFF UNISOURCE WORLDWIDE, INC. PURSUANT TO RULE 26.1 OF THE LOCAL RULES OF CIVIL PROCEDURE

Plaintiff/Counterclaim-Defendant SunGard Recovery Services L.P. ("SunGard") respectfully submits this Reply in Further Support of its Motion to Compel Discovery from Defendant/Counterclaim-Plaintiff Unisource Worldwide, Inc. ("Unisource") Pursuant to Rule 26.1 of the Local Rules of Civil Procedure (SunGard's Motion and accompanying Memorandum of Law will herein be referred to collectively as the "Motion").

### PRELIMINARY STATEMENT

Unisource's Memorandum of Law in Opposition to SunGard's Motion (the "Opposition") fails to identify any facts demonstrating that the relief sought by SunGard should not be granted. Specifically, Unisource's contention notwithstanding, SunGard did attempt in good faith to resolve this dispute prior to filing its Motion. Indeed, a review of Unisource's Opposition discloses that even if SunGard had, as Unisource suggests, continued to communicate with Unisource prior to filing its Motion, Unisource still would

have refused to answer interrogatories 7 through 19 of SunGard's Interrogatories, and still would have refused to provide documentation in response to the Document Requests posed by SunGard to which Unisource previously asserted objections.

In addition, Unisource's contentions notwithstanding, SunGard's Motion succinctly identifies how the documentation sought by SunGard's Document Requests to which Unisource has asserted objections is relevant to the matters at issue in this action as established by the pleadings. Lastly, the Motion identifies why SunGard's propounded Interrogatories do not exceed the numerical limitations imposed by the Federal Rules of Civil Procedure and certainly do not exceed such limitations after only six interrogatories.

In sum, as detailed in SunGard's Motion, Unisource improperly attempts to limit the scope and quantity of discovery to which SunGard is entitled. This is improper, and SunGard's Motion should be granted in its entirety.

**ARGUMENT**

**A.    SunGard Has Complied With Local Rule 26.1(f).**

In its Opposition, Unisource argues that SunGard failed to attempt to resolve this discovery dispute in good faith prior to filing its Motion. Opposition at 4-5. However, a review of Unisource's response to SunGard's deficiency letter effectively undermines any such argument. Specifically, despite SunGard's express request that Unisource provide answers to SunGard's Interrogatories 7 through 19, Unisource refused to budge. Compare Counsel for SunGard's January 8, 2003 letter at 4, attached to SunGard's Motion as Exhibit E ("January 8 letter") & January 13, 2003 letter from counsel to Unisource to counsel for SunGard at 2, attached to SunGard's Motion as Exhibit "F" (the "January 13 Letter").

Likewise, despite SunGard's request that Unisource provide responses and responsive documentation to SunGard's Document Requests 3, 13, 14, 16, 18, 19 and 35, Unisource repeatedly refused to budge. Id. In fact, even in those limited situations where Unisource now alleges it "invited" SunGard to clarify its requests, Opposition at 4, this "invitation" was expressly limited to requesting that SunGard propound new and additional document requests upon Unisource. Id.; see also January 13 Letter at 1-2 (requesting that SunGard serve new and additional document requests in place of Document Requests 13, 14, 16 and 35). Thus, Unisource's "invitation" was not an offer to attempt to negotiate a resolution of the discovery impasse, but a request that SunGard embark on discovery anew.

While Local Rule 26.1(f) expressly requires parties to discuss discovery disputes in good faith prior to engaging in motion practice, Local Rule 26.1(f) certainly does not require a party seeking discovery to engage in needless discussion which cannot, by unilateral ultimatum of the objecting party, result in resolution. SunGard complied with Local Rule 26.1(f) prior to filing its Motion.

**B.    Unisource Should Be Compelled To Provide Responses And Documents Responsive To Requests 3, 13, 14, 16, 18, 19, 34, 35 And 47 Of SunGard's Document Requests.**

**1.    Document Request No. 3.**

Unisource objected to Document Request number 3 based upon, among other things, its contention that this Document Request is overbroad. Unisource's Response to Document Request No. 3.[1] Now, after the filing of SunGard's Motion which addresses

---

[1] A copy of Unisource's Objections and Responses to SunGard's Document Requests is attached to SunGard's Motion as Exhibit C.

Unisource's overbreadth objection, Unisource appears to have abandoned this objection in favor of its contentions that this Document Request is either "fatally ambiguous" due to the Request's use of the word "consideration" or duplicative of Document Request number 2. Opposition at 6.

First, Document Request number 3 reads: "Any and all documents reflecting, referring or relating to any consideration by [Unisource] to schedule or conduct tests under the Agreement." Document Request No. 3.[2] In essence, this Request seeks documentation concerning Unisource's internal deliberations to schedule or conduct tests pursuant to the Agreement. This Request is not ambiguous. Second, this Request essentially seeks documentation concerning Unisource's internal deliberations to schedule or conduct tests under the Agreement, as opposed to Document Request number 2 which seeks documentation concerning tests actually conducted. Document Requests Nos. 2 and 3. As such, Request number 3 is not duplicative of Request number 2. This Document Request is proper, and Unisource should be compelled to provide SunGard with a detailed response and all documents in its possession responsive to this Request.

### 2.    Document Request Nos. 13 and 14.

In its Motion, SunGard detailed why documentation in Unisource's possession responsive to SunGard's Document Requests numbers 13 and 14 is discoverable. Motion at 5-6. Specifically, the documentation sought by these Requests is discoverable in light of Unisource's contention that SunGard breached the Agreement by, among other things,

---

[2] A copy of SunGard's Document Requests is attached to SunGard's Motion as Exhibit A.

failing to keep apprised of the equipment for which Unisource required disaster recovery services. See Answer, ¶¶ 42-43 & 87.

In its Opposition, Unisouce contends that because these Document Requests are overbroad, SunGard is entitled to no response, and more importantly no responsive documents, at all. Opposition at 7-8. In alleged support of its contention, Unisource suggests that "documents referring or relating to Unisource's decision to purchase the mainframe or the maintenance of the mainframe have nothing whatsoever to do with Unisource's allegations . . ." Id. at 7.

Unisource's contention notwithstanding, documentation concerning the purchase and maintenance of the mainframes is discoverable. In particular, the mainframes' purchase and maintenance records have the potential to shed light on Unisource's contention that the mainframe exchange did, in fact, occur. In addition, these records could provide crucial insights as to when the purported exchange occurred. These Document Requests are proper, and Unisource should be compelled to provide SunGard with detailed responses and all documents in its possession responsive to these Requests.

### 3.    Document Request Nos. 16 and 35.

In its Opposition, Unisource contends that SunGard's Document Request numbers 16 and 35 are overbroad because "[s]erving a request for 'any and all' document having anything to do with a litigant or contract at issue is not a proper substitute for specific, focused requests designed to elicit relevant, discoverable information." Opposition at 8. While SunGard vigorously disputes Unisource's contention that these Requests are overbroad for the reasons detailed in its Motion, it also bears noting that through these

Requests SunGard has not, as Unisource contends, merely requested "any and all" documents in Unisource's possession having anything to do with SunGard or the Agreement. For example, Document Request number 16 is geographically limited in scope, encompassing only documentation emanating from, transmitted to or located at Unisource's St. Louis, Missouri or Itasca, Illinois facilities. Document Request No. 16.

Unisource also objects to Document Request numbers 16 and 35 contending that through other Document Requests SunGard should be able to ascertain the documentation it needs to explore areas germane to this litigation, and in this vane directs SunGard and the Court to SunGard's Document Requests 5, 6 and 22. Opposition at 8-9. A review of Requests 5, 6 and 22, however, discloses that these Requests pertain exclusively to the Agreement and communications regarding the Agreement. Document Request Nos. 5, 6 and 22. As set forth in detail in SunGard's Motion, SunGard is entitled to discovery beyond the Agreement and communications regarding the Agreement. Motion at 6-7. Specifically, SunGard is entitled to conduct discovery in other areas that could shed light on issues germane to this litigation, e.g. whether Unisource was in possession of other SunGard disaster recovery services agreements containing automatic renewal provisions. This information is particularly relevant in light of Unisource's Counterclaim for fraud which is contingent in part, on what Unisource knew or should have known. These Document Requests are proper, and Unisource should be compelled to provide SunGard with detailed responses and all documents in its possession responsive to these Requests.

4.    **Document Request Nos. 18 and 19.**

In its Opposition, Unisource contends that SunGard's Document Request numbers 18 and 19 are overbroad because "[a]ny agreement other than the one at issue in this litigation . . . is completely irrelevant." Opposition at 9-10. While Unisource is correct that only the Agreement controls SunGard's breach of contract claims in this action, Unisource improperly attempts to utilize this concept to stonewall all discovery on any subject matter not specifically related to the Agreement. This is improper.

Here, as detailed in SunGard's Motion, the discovery sought by Request numbers 18 and 19 is aimed at permitting SunGard to discover whether Unisource was party to other disaster recovery agreements with SunGard that it could or should have consulted in an effort to apprise itself of the terms of the Agreement at issue in this action. Motion at 7. As such, this discovery is germane to, and specifically directed at, matters at issue in this litigation, namely Unisource's contention that it did not have the wherewithal to discover the terms of its Agreement until SunGard provided it with a copy, and SunGard was dilatory in providing this copy. These Document Requests are proper, and Unisource should be compelled to provide SunGard with detailed responses and all documents in its possession responsive to these Requests.

5.    **Document Request No. 34.**

Unisource objected to Document Request number 34 based upon, among other things, its contention that this Document Request is overbroad. Unisource's Response to Document Request No. 34. Now, after the filing of SunGard's Motion, which addresses Unisource's overbreadth objection, Unisource appears to have abandoned this objection in

favor of its contentions that this Document Request is ambiguous and duplicative of SunGard's Document Request Number 1.  Opposition at 10.  First, this Request is not ambiguous.  Second, this Request, which seeks documentation concerning Unisource's consideration of terminating the Agreement, is not duplicative of Document Request number 1 which seeks all documentation concerning the Agreement including, but not limited to, its terms.  Document Request No. 1.  This Document Request is proper, and Unisource should be compelled to provide SunGard with a detailed response and all documents in its possession responsive to this Request.[3]

6.    **Document Request No. 47.**

SunGard respectfully relies on the analysis contain in its Motion to support its contention that the documentation sought by SunGard's Document Request number 47 is discoverable.  Motion at 7-8.

C.    **Unisource Should Be Compelled To Provide Detailed Answers To Interrogatories 7 Through 19 Of SunGard's Interrogatories.**

As detailed in SunGard's Motion, SunGard's Interrogatories do not exceed the numerical limitations imposed by the Federal Rules of Civil Procedure.  Motion at 8-11. Specifically, a review of SunGard's Interrogatories discloses that the interrogatory subparts that Unisource contends are discrete interrogatories are, in fact, dependant on the primary inquiries that precede them, and cannot stand alone.

In fact, to accept Unisource's reasoning, as identified in its Opposition, each of the interrogatories recently served on SunGard by Unisource that contain the phrase "describe

---

[3] If, however, Unisource has produced all documents in its possession relating to Unisource's consideration of the possibility of terminating the Agreement, Opposition at 10, than SunGard will

with particularity" would constitute no less than 4 separate interrogatories for calculation purposes pursuant to Rule 33. See Unisource's First Set of Interrogatories Addressed to SunGard dated January 17, 2003 ("Unisource's Interrogatories") attached hereto as Exhibit "A"; see Unisource's Interrogatories, Definitions at ¶ 6 ("'Describe with particularity' means to set forth every fact . . . concerning the subject of the interrogatory, including identifying all persons with knowledge of the subject, describing what you know or believe their knowledge to be, and identifying all documents and communications concerning the subject of the interrogatory."). By this reasoning, Rule 33 would not require SunGard to answer any of Unisource's Interrogatories beyond number 8 based upon Unisource's repeated use of the phrase "describe with particularity." See Unisource's Interrogatories Nos. 1, 2, 3, 6, 7 and 8 (utilizing the phrase "describe with particularity."). Certainly, this is not the objective sought to be obtained by Rule 33. Unisource should be compelled to provide complete answers to SunGard's Interrogatories number 7 through 19 as these interrogatories do not run afoul of the numerical limitations imposed by Rule 33.

**D.    Unisource Should Be Compelled To Provide Detailed Answers To Interrogatories 11, 12, 14 And 18.**

In its Opposition, Unisource suggests that even if its Rule 33 objections to SunGard's Interrogatories are found to have been improperly asserted, it should still not be required to provide SunGard with answers to SunGard's Interrogatories 11, 12, 14 and 18 because these Interrogatories are separately objectionable. Opposition at 12 n. 1. Unisource's suggestion is unfounded.

---

withdraw its Motion with respect to this Document Request.

SunGard Interrogatory number 11 reads: "State what happened to the documents located in St. Louis, Missouri and Itasca, Illinois referring or relating to the Agreement; state whether you ever requested any such documents from your St. Louis or Itasca offices, and state the response to any such requests." SunGard Interrogatories No. 11.[4] Although Unisource objects that that "these interrogatories . . . are overbroad and too vague to permit a meaningful response," Unisource's objections are unfounded. This interrogatory is neither overbroad nor vague. Unisource should be compelled to provide a detailed answer to this Interrogatory.

SunGard Interrogatory number 12 reads: "Identify any contract or other agreement you had or currently have with SunGard for the provision of disaster recovery services for your facilities." SunGard Interrogatories No. 12. Although Unisource objects to this interrogatory on relevancy grounds and because it contends that the information sought "can more readily and less burdensomely be obtained" from SunGard or a third party, these objections are groundless. First, this information is relevant in that it goes to the issue of whether Unisource could have reviewed another SunGard disaster recovery contract to obtain an understanding of the basic terms of such contracts when Unisource purportedly could not locate a copy of the Agreement. This is particularly relevant in light of Unisource's Counterclaim for fraud in that it provides insight into what Unisource knew or should have known concerning the Agreement and SunGard disaster recovery agreements of a similar type. Second, the fact that the information sought by this interrogatory may or may not already be in SunGard's possession provides no ground for refusing to respond to

---

[4] A copy of SunGard's Interrogatories is attached to SunGard's Motion as Exhibit B.

discovery. This is particularly true with respect to Unisource's Counterclaim for fraud which is contingent, in part, on what Unisource knew or should have known. Lastly, Unisource's objection provides no insight as to the identity of the "other source" from which SunGard can obtain this information in a less burdensome manner. SunGard knows of no such source. Unisource should be compelled to provide a detailed answer to this Interrogatory.

SunGard Interrogatory number 14 seeks information about any expert witness Unisource intends to call to testify at trial. The language used in this interrogatory mirrors that contained in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. SunGard Interrogatories No. 14. Nevertheless, Unisource contends that this Interrogatory exceeds the scope of discovery permitted by Rules 26(a)(2) and (b)(4) of the Federal Rules of Civil Procedure, and "seek[s] information that is as readily available to SunGard as it is to Unisource." Unisource's Answer to SunGard's Interrogatories No. 14. First, it is unclear how this Interrogatory, which is comprised of language identical to that utilized by Federal Rule 26(a)(2)(B), could run afoul of Rules 26(a)(2) and (b)(4). In addition, it is preposterous to suggest that somehow this information is readily available to SunGard. Unisource should be compelled to provide a detailed answer to this Interrogatory.[5]

## CONCLUSION

For all the reasons set forth above, this Court should order Unisource to: 1) respond and provide all documents in its possession, custody or control responsive to Requests 3, 13,

---

[5] SunGard respectfully relies on the analysis contain in its Motion concerning Document Request 47 to support its contention that the information sought by SunGard's Interrogatory number 18 is discoverable. Motion at 7-8. Unisource should be compelled to provide a detailed answer to this Interrogatory as well.

14, 16, 18, 19, 34, 35 and 47 of SunGard's First Request for Production of Documents Directed to Unisource; and 2) answer interrogatories 7 through 19 of SunGard's First Set of Interrogatories Directed to Unisource, within ten days.

Respectfully submitted,

**BLANK ROME LLP**

Date:  February 25, 2003          BY:_____
                                          JAMES T. SMITH
                                          REBECCA D. WARD
                                          BRIAN S. PASZAMANT
                                          One Logan Square
                                          Philadelphia, PA 19103
                                          Telephone:    (215) 569-5500
                                          Facsimile:    (215) 832-5791

                                          Attorneys for Plaintiff/Counterclaim-Defendant
                                          SunGard Recovery Services L.P.

## CERTIFICATE OF SERVICE

I, Brian S. Paszamant, hereby certify that on February 25, 2003, I caused a copy of Reply in Further Support of Plaintiff/Counterclaim-Defendant SunGard Recovery Services L.P.'s Motion to Compel Discovery from Defendant/Counterclaim-Plaintiff Unisource Worldwide, Inc. Pursuant to Rule 26.1 of the Local Rules of Civil Procedure to be served by hand delivery upon counsel of record, addressed as follows:

Eliot G. Long, Esquire
BUCHANAN INGERSOLL, P.C.
Eleven Penn Center
1835 Market St.-14th Fl.
Philadelphia, PA  19103


BRIAN S. PASZAMANT

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNGARD RECOVERY SERVICES          :
L.P.,                              :
                                   :
            SunGard,               :
                                   :          Civil Action No. 02 cv 3845
      v.                           :
                                   :
UNISOURCE WORLDWIDE, INC.,         :
                                   :
            Defendant.             :

### UNISOURCE WORLDWIDE, INC.'S FIRST SET OF INTERROGATORIES
### ADDRESSED TO SUNGARD RECOVERY SERVICES, L.P.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant and

counterclaim plaintiff Unisource Worldwide, Inc. ("Unisource"), by and through its undersigned

attorneys, hereby propounds the following First Set of Interrogatories Addressed to plaintiff and

counterclaim defendant SunGard Recovery Services, L.P. ("SunGard") to be answered

separately and under oath within thirty (30) days from the date of service hereof.

### DEFINITIONS

For purposes of these Interrogatories, the following terms have the meanings set forth

below:

1.      The terms "you" or "your" mean SunGard.

2.      The term "Complaint" means the civil action complaint filed by SunGard on or

about June 19, 2002 in the United States District Court for the Eastern District of Pennsylvania

instituting the action captioned as *SunGard Recovery Services L.P. v. Unisource  Worldwide,*

*Inc.,* No. 02-3845

3.      When referring to a natural person, "identify" means to state the person's:  (i) full

name; (ii) current or last known job title or position; (iii) current or last known place of

employment; and (iv) current or last known business address and telephone number (or, if no longer employed, his or her last known residence address and telephone number). Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent interrogatories requesting the identification of that person.

4.      When referring to an entity, "identify" means to state: (i) the name of the entity; (ii) the legal status of the entity – *e.g.*, whether a corporation, limited partnership, general partnership, unincorporated association, etc.; (iii) the address and telephone number of the entity's main office; and (iv) the nature of the business conducted by the entity. Once an entity has been identified in accordance with this subparagraph, only the name of that entity need be listed in response to subsequent interrogatories requesting the identification of that entity.

5.      When referring to a document, the term "identify" means to set forth the type of document (*e.g.*, letter), with the date, authors, recipients, custodian, title (if any), and a statement of the content of the document. If the document is no longer in your possession, custody or control, so state, identify the document to the best of your knowledge, and state what disposition was made of it, when and by whom.

6.      "Describe with particularity" means to set forth *every* fact (including all related dates) concerning the subject of the interrogatory, including identifying all persons with knowledge of the subject, describing what you know or believe their knowledge to be, and identifying all documents and communications concerning the subject of the interrogatory.

7.      The term "communication" is used in its broadest sense and includes, but is not limited to, any oral or written transmittal of information or request for information (in the form of facts, ideas, or otherwise) from one person to another, whether made in person, in a meeting,

2

by telephone, letter, electronic mail, or by any other means, or a document made for the purpose of recording a communication idea, statement, opinion or belief.

8.      The terms "SunGard" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the parties in this action and, where and to the extent applicable, any of its or their divisions, units, subsidiaries, affiliates, or parent corporations, or any predecessors or successors thereto, and any present or former agents, officers, directors, employees, servants, representatives, attorneys, advisors, consultants, subcontractors or other persons acting for or on behalf of the party. This definition is not intended to impose a discovery obligation on any person or entity that is not a party to the action.

9.      The term "person" is defined as any natural person or any business, legal or governmental entity, partnership or association.

10.     The word "document" or "documents" is used in the broadest sense consistent with Rule 34 of the Federal Rule of Civil Procedure and Rule 1001 of the Federal Rule of Evidence. By way of example only, "document" or "documents" mean any handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements, notes, memoranda, electronic mail ("e-mail" messages), analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including but not limited to material

3

stored electronically or electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained. "Document" or "documents" shall also include all drafts, iterations, alterations, modifications, changes, and amendments of any of the foregoing; "documents" shall also include any and all things subject to discovery pursuant to the Federal Rules of Civil Procedure. "Document" or "documents" shall also include all "documents" (as defined herein) now in the possession, custody or control of defendant, or in the possession, custody or control of the present or former counsel, agents, employees or others acting on their behalf. Any document, bearing on any sheet or side thereof, any marks, including without limitation, initials, stamped indicia, comments, or notations of any character which are not part of the original text, or any reproduction thereof, is to be considered a separate document.

11.    The term "including" means including but not limited to and/or including without limitation.

12.    The singular form of a word shall be interpreted as the plural and the plural form of a word shall be interpreted as the singular whenever such interpretation brings within the scope of these interrogatories any information or documents which might otherwise be considered to be beyond their scope.

13.    The terms "all" and "each" shall be construed as "all and each."

14.    Words used in one gender include all other genders.

15.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories all documents and information that might otherwise be construed to be outside of their scope.

16.     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these interrogatories all documents or information that might otherwise be construed to be outside their scope.

17.     Unless otherwise indicated above, any defined term in the pleadings shall retain the same meanings herein. By adopting such definitions for purposes of these Interrogatories, however, Unisource does not admit or concede the truth or accuracy of any averments contained in the Complaint.

18.     Unless specifically noted otherwise, the relevant time frame of these interrogatories shall be from January 1, 1995, until the date upon which responses hereto are due, and as may be later supplemented, in accordance with the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.     These interrogatories require you to provide all information available to SunGard, including all information available to SunGard through any associated entity, affiliate, employee or agent.

2.     Answers to interrogatories are to be supplemented to the full extent required by the Federal Rules of Civil Procedure, and each interrogatory shall be construed to include any supplemental information, knowledge or data responsive to these interrogatories that later is discovered by you or otherwise becomes available. Supplemental information may be served from time to time but not later than thirty (30) days after such information is received.

3.     If any interrogatory cannot be answered in full, answer to the extent possible and specify the reasons for your inability to answer.

4.    Each interrogatory shall be construed separately, and no interrogatory should be used to construe any other interrogatory more narrowly than it otherwise would be construed.

5.    The answers to all interrogatories relating to oral communication should set forth whether or not the oral communication was by telephone, or face-to-face, and should set forth the names, present addresses, business positions and occupations of the person(s) involved in said communications and the names and addresses of any other persons present during the oral communication.

6.    If you refuse to answer any of the following interrogatories in whole or in part, based on a claim that the information is privileged, you shall provide a statement, signed by an attorney representing you, setting forth as to each such interrogatory:  (a) the name and title or position of all persons who know about the information; (b) the name and title or position of recipients of the information; (c) the place, date and manner in which the information was created; (d) a general description of the subject matter or nature of the information sufficient to assess whether the assertion of the privilege is valid; (e) a statement of the basis for the claim of privilege; (f) the file(s) or other place(s) of storage in which the information is maintained; and (g) with respect to any claim of privilege relating to an attorney, his or her action, advice, or work product, and the attorney or attorneys involved.

7.    Each interrogatory is to be responded to separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each interrogatory as fully as possible.  The omission of information from a response shall be deemed a representation that such information was not known to, or in the possession of defendant, its present or former agents, officers, directors,

employees, servants, representatives, attorneys, advisors, consultants, investigators,

subcontractors at the time they served its responses.

## INTERROGATORIES

1.    Identify all persons with knowledge of the claims and defenses you have asserted in this litigation and describe with particularity the knowledge that each person has.

**RESPONSE:**

2.      Describe with particularity the services that you allege you have performed for

Unisource since August 1, 1999 and how, if at all, you believe that the alleged services have

benefited Unisource.

**RESPONSE:**

3.    Describe with particularity each instance in which Unisource requested a copy of the Agreement or in which you provided a copy of the Agreement to Unisource.

**RESPONSE:**

4.      Do you intend to call any persons as expert witnesses at trial? _____.  If so,

separately as to each such person provide all information or material as set forth in Rule

26(a)(2)(B) of the Federal Rules of Civil Procedure.

**RESPONSE:**

5.    Identify each person that you expect to call as a witness at the trial of this lawsuit (other than persons identified in response to Interrogatory No. 4, above) and, separately as to each person, set forth the substance of the testimony that you expect the person to give.

**<u>RESPONSE:</u>**

6.    Describe with particularity each instance in which you provided Unisource with, in the words of Paragraph A.6 of the Agreement, "SunGard's current User's Guides for the Recovery Services and all appiicable [sic] updates and revisions."

**RESPONSE:**

7.    Describe with particularity each and every service that you allege you have performed for Unisource for which you allege that Unisource has not adequately compensated you.

**RESPONSE:**

8.    Describe with particularity each test or inspection of computer equipment located at Unisource's Itasca, Illinois or St. Louis, Missouri facilities that you have performed.

**RESPONSE:**

9.    With respect to Schedule A-2 to the Agreement, state what you contend is the effective date of the schedule, the agreed term of the schedule, and the last date on which the schedule automatically renewed, and describe with particularity the factual basis for your contentions.

**RESPONSE:**

10.    Identify each representative of SunGard who has been primarily responsible for supervising the performance of the services that you contend you have performed under the Agreement, and for each such person, state the dates during which the person had such responsibility.

**RESPONSE:**

11.    Identify each representative of SunGard who has been primarily responsible for servicing the Unisource account and, for each such person, state the dates during which the person had such responsibility.

**RESPONSE:**

12.    Itemize all damages that you are claiming in this lawsuit and describe with particularity the basis for and method of calculating such damages.

**RESPONSE:**

13.    Describe with particularity the factual basis for your contention that "Unisource's Counterclaims are barred in whole or in part by the applicable Statute of Limitations."

**RESPONSE:**

14.    Describe with particularity the factual basis for your contention that "Unisource's

Counterclaims are barred in whole or in part by the doctrine of waiver."

**RESPONSE:**

15.    Describe with particularity the factual basis for your contention that "Unisource's

Counterclaims are barred in whole or in part by the doctrine of estoppel."

**RESPONSE:**

22

16.    Describe with particularity the factual basis for your contention that "Unisource's

Counterclaims are barred in whole or in part by its failure to mitigate damages."

**RESPONSE:**

17.    Describe with particularity the factual basis for your contention that "Unisource's Counterclaims are barred in whole or in part because Unisource did not rely upon any misrepresentations by SunGard."

**<u>RESPONSE</u>:**

18.    Describe with particularity the factual basis for your contention that "Unisource's Counterclaims are barred in whole or in part because Unisource has suffered no compensable damages."

**RESPONSE:**

19.    Describe with particularity the factual basis for your contention that "Unisource's Counterclaims are barred in whole or in part by its own failure to act with commercial reasonableness."

**RESPONSE:**

20.    Describe with particularity the factual basis for your contention that "Unisource's

Counterclaims are barred in whole or in part by its failure to give reasonable notice to SunGard."

**RESPONSE**:

21.    Describe with particularity the factual basis for your contention that "Unisource's Counterclaims are barred in whole or in part by its failure to act in good faith."

**RESPONSE:**

_Eliot_

Howard D. Scher (Pa. No. 03673)
Craig D. Mills (Pa. No. 81331)
Eliot G. Long (Pa. No. 84970)
BUCHANAN INGERSOLL, P.C.
Eleven Penn Center
1835 Market – 14th Floor
Philadelphia, PA  19103
Tel.: (215) 665-8700
Fax.: (215) 665-8760

Attorneys for Unisource and
Counterclaim-SunGard
Unisource Worldwide, Inc.

Dated:  January 17, 2003

28

## CERTIFICATE OF SERVICE

I, Eliot G. Long, hereby certify that, on this 17th day of January, 2003, I caused a true

and correct copy of the foregoing Unisource Worldwide, Inc.'s First Set of Interrogatories

Addressed to SunGard Recovery Services L.P. to be served of the following by hand delivery:

> Brian S. Paszamant, Esquire
> Blank, Rome, Comisky & McCauley LLP
> One Logan Square
> Philadelphia, PA  19103
>
> Attorneys for SunGard/Counterclaim-Defendant
> SunGard Recovery Services L.P.


Eliot G. Long

29