IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNGARD RECOVERY SERVICES, L.P. :          CIVIL ACTION

v.          :

UNISOURCE WORLDWIDE, INC.          :          NO. 02-3845

**O R D E R**

AND NOW, this 18th day of March, 2003, upon consideration of plaintiff's Motion to Compel (Doc. No. 17), defendant's opposition (Doc. No. 19), and plaintiff's reply (Doc. No. 21), and after a hearing this same date, it is hereby

**ORDERED**

**I.   PLAINTIFF'S FIRST SET OF INTERROGATORIES**

    1.    Defendant's objections to the number of interrogatories under Fed. R. Civ. P. 33(a) is OVERRULED. In the alternative, the court, in its discretion, grants plaintiff leave to propound interrogatories exceeding the limit set forth in Fed. R. Civ. P. 33(a). Plaintiff shall not propound any additional interrogatories without first obtaining leave from the court.

    2.    Defendant's objection to Interrogatory No. 11 is SUSTAINED. As agreed by both counsel on the record, defendant shall respond to Interrogatory No. 11 by stating whether defendant ever requested documents relating or referring to the Agreement at issue in this litigation from defendant's St. Louis or Itasca offices and, if so, what response defendant received.

    3.    Defendant's objection to Interrogatory No. 12 is SUSTAINED. Defendant shall respond to Interrogatory No. 12 by identifying any contract or other agreement, in effect as

of December 31, 1999, defendant had with plaintiff for the provision of disaster recovery services for defendant's facilities.

    4.    Defendant's objection to Interrogatory No. 14 is OVERRULED. Defendant shall respond to Interrogatory No. 14.

    5.    Defendant's objection to Interrogatory No. 18 is SUSTAINED. Defendant need not respond to Interrogatory No. 18.

## II. PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

    6.    Defendant's objection to Request No. 3 is SUSTAINED. Defendant shall produce any and all documents reflecting, referring or relating to any requests by defendant to plaintiff to schedule or conduct tests under the Agreement.

    7.    Defendant's objection to Request No. 13 is SUSTAINED. Defendant shall produce any and all documents reflecting, referring or relating to the relocation of the AS 400 mainframe computer mentioned in ¶ 42 of defendant's Counterclaims.

    8.    Defendant's objection to Request No. 14 is SUSTAINED. Defendant shall produce any and all documents reflecting, referring or relating to the date the change to the new version of the AS 400 mainframe, mentioned in ¶ 43 of defendant's Counterclaims, occurred.

    9.    Defendant's objection to Request No. 16 is SUSTAINED. Defendant shall produce any and all files, records or other documents from, transmitted to or located at defendant's St. Louis, Missouri, or Itasca, Illinois facilities substantiating defendant's claim that plaintiff was not performing under the Agreement at issue in this litigation.

10. Defendant's objection to Request No. 18 is SUSTAINED. Defendant shall produce any and all documents reflecting, referring or relating to any contract, effective as of December 31, 1999, between defendant and plaintiff concerning the provision of disaster recovery services for any of defendant's facilities.

11. Defendant need not produce documents in response to Request No. 19. Plaintiff withdrew Request No. 19 as moot.

12. Defendant's objection to Request No. 34 is OVERRULED. Defendant shall produce documents in response to Request No. 34.

13. Defendant need not respond to Request No. 35. Plaintiff withdrew Request No. 35.

14. Defendant's objection to Request No. 47 is SUSTAINED. Defendant need not produce documents in response to Request No. 47.

15. Any and all answers or documents required to be produced by this order, shall be produced on or before Monday, April 7, 2003.

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge